ANTONIO ROIG SUCESORES, S. EN C., peticionaria, *v.* CORTE DE DISTRITO DE HUMACAO, HON. PEDRO PÉREZ PIMENTEL, JUEZ, demandado; ENRIQUE RÍOS, interventor.

Núm. 1644.—*Sometido:* Junio 17, 1946. *Resuelto:* Julio 22, 1946.

*Francisco González, Jr.,* abogado de la peticionaria; *A. Figueroa Rivera,* abogado del interventor, demandante en el pleito principal.

Eʟ Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El 20 de noviembre de 1945 Enrique Ríos radicó una querella en la Corte Municipal de Yabucoa contra Antonio Roig Sucrs., S. en C., en reclamación de salarios. Alegó como causa de acción que trabajó para la querellada como mudador y volteador desde el 1ro. de enero de 1936 hasta el 31 de diciembre de 1942, a razón de $9 semanales desde 1936 al 1941, inclusives, y de $10 semanales durante el 1942; que durante todo el tiempo de su empleo trabajó más de nueve horas diarias y la querellada no le pagó el salario correspondiente a la novena hora, el cual ascendía a $314.14. La querellada aceptó que el querellante trabajó para ella en las fechas y por el salario indicados, pero que el contrato de trabajo era por ocho horas diarias y que la querellada le había pagado el precio de su trabajo, y nada le adeudaba. Como defensa especial, alegó que ante la misma corte municipal el querellante había radicado, el 15 de mayo de 1944, la acción civil núm. R-9 contra la querellada reclamando el pago de las novenas horas que alegó haber trabajado desde el 1ro. de enero de 1941 hasta el 31 de enero de 1943, y que estando esa acción pendiente entre las mismas partes, la acción civil que ahora ejercita el querellante está impedida por la acción anterior: (*a*) porque el trabajo reclamado en la acción anterior está comprendido en la que ahora ejercita y (*b*) porque suponiendo que no lo estuviera, cuando el querellante estableció la causa de acción anterior, tenía la que ahora ejercita y no la ejercitó, fraccionando así indebidamente su causa de acción y eso le impide la reclamación que ahora establece.

Alegó además la querellada que la querella no aduce hechos constitutivos de causa de acción.

La Corte Municipal de Yabucoa dictó sentencia a favor del querellante por la suma reclamada de $314.14 y en el

juicio *de novo* ante la Corte.de Distrito de Humacao se dictó sentencia por igual cantidad.

No siendo apelable la sentencia, la querellada instó el 22 de abril último el presente recurso de *certiorari,* de conformidad con la sección 12 de la Ley núm. 10 de 1917 ((2) pág. 217), según. quedó enmendada .por la Ley núm. 17 de 11 de abril de 1945 (pág. 45) que dice así:

"En ningún caso se dará más de una apelación en los juicios sobre reclamación de salarios agrícolas.

"Las sentencias dictadas por la corte de distrito en grado de apelación podrán revisarse por el Tribunal Supremo de Puerto Rico, a su discreción, mediante certiorari, en todos los casos en que tales sentencias no fueren apelables para ante dicho Tribunal Supremo, incluyendo las que versen sobre reclamación de salarios agrícolas."

Como fundamento de su recurso la peticionaria alega: (*a*) que la sentencia no está sostenida por la prueba; (*b*) que la corte recurrida, de acuerdo con lo resuelto en el. caso de *Avellanet* v. *Porto Rican Express Co.,* 64 D.P.R. 693, erró al desestimar la defensa de indebido fraccionamiento de las causas de acción; y (*c*) que en el caso de no prosperar la citada defensa, se declare que erró la corte al conceder, por el período comprendido entre enero 1ro. de 1941 y enero 31 de 1943, una suma mayor de $67 que fué la reclamada en la acción anterior de qué se ha hecho mérito.

■ Bajo el certiorari concedido por la sección 12 antes transcrita, no se confiere facultad a este Tribunal para pasar sobre las conclusiones de hecho a que llegara la corte inferior, y por consiguiente en su misión debe concretarse a determinar si existe prueba en apoyo de la sentencia. En este caso, si bien los testimonios de Enrique Ríos y su testigo Narciso Vázquez no son todo lo satisfactorios que pudieran ser, lo cual puede atribuirse, hasta cierto punto, a su ignorancia, sin embargo, sus declaraciones sostienen la sentencia que declaró con lugar la reclamación.

El caso anterior radicado en la Corte Municipal. de Yabucoa en reclamación de $67, como declaró el propio querellante, era un caso muerto, es decir, abandonado. Que ello es así lo demuestra el hecho de que no obstante haberse radicado aquella querella el 15 de mayo de 1944, al instarse este pleito en 20 de noviembre de 1945, nada se había hecho en el caso anterior, a pesar de tratarse de un procedimiento tan rápido como el prescrito en la Ley núm. 10 de 1917 ( (II) pág. 217.)

Como en el caso anterior no se dictó sentencia, no puede alegarse con éxito la defensa de *res judicata* y por lo tanto no es de aplicación la doctrina de fraccionamiento de causa de acción enunciada en el caso de *Avellanet,* supra.

) La contención de la apelante expuesta bajo la letra (c) no merece detenida consideración. Bastará decir que no habiendo sido la querellada inducida a cambiar su posición por el hecho de que en la querella anterior se reclamaran $67 por las novenas horas comprendidas en el período a que dicha querella se refiere, no está ahora el querellante impedido de alegar una suma mayor por ese concepto que la alegada en la querella anterior.

*Procede, por lo expuesto, anular el auto expedido.*

El Juez Presidente Sr. Travieso no intervino.