CESÁREO GARCÍA, peticionario, *v.* CORTE DE DISTRITO DE ARECIBO, HON. RICARDO AGRAÍT ALDEA, JUEZ, demandada; SEBASTIÁN MIRANDA, interventor.

Núm. 3.—*Sometido:* Junio 2, 1948. *Resuelto:* Julio 16, 1948.

---

*Francisco M. Cadilla* y *G. Zeno Sama,* abogados del peticionario; *Arcilio Alvarado* y *Efraín Rivera Maldonado,* abogados del interventor, demandante en el pleito principal.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Expedimos el auto de *certiorari* en este caso para revisar la sentencia dictada, en apelación, por la Corte de Distrito de Arecibo (¹) declarando con lugar la demanda, en su primera causa de acción, sobre reclamación de salario y condenando al demandado a pagar al demandante la suma de $467.52, más las costas y $50 para honorarios de abogado. (²) · En sus conclusiones de hechos y de derecho la corte inferior hizo constar lo siguiente:

"Conclusiones de Hechos

"(1) El demandado empleó al demandante como mayordomo a razón de 9 dólares semanales, desde el 28 de enero de 1938 al 1 de agosto de 1942.

---

(¹)La sección 12 de la Ley núm. 10 de 14 de noviembre de 1917 ((2) pág. 217), según enmendada por la Ley núm. 17 de 11 de abril de 1945 ((1) pág. 45), autoriza esta revisión por certiorari.

(²)El demandante reclamaba la suma de $2,095.32.

"(2) El demandado continuó empleando al demandante en igual concepto a razón de $11 semanales,. del 1 de agosto de 1942 a 5 de enero de 1945.

"(3) No se ha probado a satisfacción de la Corte, que hubiese convenio alguno ofreciendo al demandado un tanto por ciento de las ganancias agrícolas, ni se ha probado que hubiesen tales beneficios,. o el importe de ellos.

"(4) Las horas regulares del trabajo de los peones que supervisaba el demandado eran de ocho horas, y en las nóminas figura el demandante con $9 y $11 semanales.

"(5) Del conjunto de la prueba aparece que el trabajo de peones que supervisaba el demandante comenzaba a las siete de la mañana hasta las doce, y de una a cuatro de la tarde. Por lo declarado por el demandante aceptado en parte por el demandado, el demandante trabajaba algo en ordeñar unas vacas antes de comenzar la faena ordinaria y volteaba la finca después de las cuatro. Razonablemente ese trabajo puede aceptarse que tomaba una hora y no tres horas como dijo el demandante, ni media hora como dijo el demandado.

"(6) El demandante recibió además del salario semanal arriba indicado, cuatro cantidades de dinero del demandado, en porciones de $20, $25, $100 y $75.

"(7) Se ha probado que el demandante firmó un recibo (carta de pago) al salir de la colocación. El alcance probatorio de ese recibo lo comentaremos más adelante.

"CUESTIONES DE DERECHO

"(A) Como el demandado aceptó en su declaración que las horas regulares de los trabajadores que tenía que supervisar el demandante eran ocho horas, y como aceptó también que una de las obligaciones del demandante era voltear las fincas, es obvio que el tiempo dedicado a esta última labor, después de las cuatro, así como el tiempo empleado antes de llegar los peones, era un trabajo extra que debe ser indemnizado y no fué pagado, pues el salario a falta de un convenio por determinadas horas, sólo puede incluir legalmente, ocho horas de trabajo.

"(B) Si bien el demandante al salir de la colocación firmó un recibo preparado por el demandado declarando haber sido satisfecho totalmente de su trabajo, ese recibo sólo puede referirse a los $9 y $11 semanales convenidos de 7 días y como el día legal de

trabajo es de ocho horas no podría presentar tal recibo en su beneficio, si incluyera la hora novena, toda vez que el salario convenido por semanas de 7 días implica legalmente, días de 8 horas.

Sostiene el peticionario que la sentencia dictada es contraria a la prueba y que la corte erró al afirmar que el salario a falta de convenio por determinadas horas sólo puede incluir legalmente ocho horas de trabajo; al decidir que el contrato de servicios del demandante comprendía solamente ocho horas diarias; al decidir que el demandante trabajaba algo antes de comenzar la tarea ordinaria y después de las cuatro, concluyendo que "razonablemente ese trabajo puede aceptarse que tomaba una hora"; al conceder un valor probatorio limitadísimo a un recibo firmado por el demandante y al computar el salario por las horas extras.

Varios de los errores señalados por el peticionario, primero, tercero y cuarto, impugnan la apreciación de la prueba que hizo la corte sentenciadora en este caso. La prueba fué contradictoria. La del demandante, creída por la corte, demostró que el contrato de servicios celebrado por el demandante y el demandado era a razón de $8 y $11 a la semana (hubo un aumento) por ocho horas de trabajo cada día. La del demandado, descartada por la corte, que dicho salario semanal incluía todas las horas que trabajaba el demandante cada día no importa el número de horas que fueran. El demandante afirmó que trabajó tres o más horas extras cada día, dedicadas a ordeñar vacas y a voltear la finca. Fué en cuanto a este aspecto del caso que la corte resolvió que "Por lo declarado por el demandante aceptado en parte por el demandado, el demandante trabajaba algo en ordeñar unas vacas antes de comenzar la faena ordinaria y volteaba la finca después de las cuatro. Razonablemente ese trabajo puede aceptarse que tomaba una hora *y no tres horas como dijo el demandante, ni media hora como dijo el demandado.*" (Las frases en bastardillas fueron eliminadas por el peticionario al hacer su cuarto señalamiento.)

Hemos leído detenidamente la transcripción de la evidencia en este caso y creemos que la prueba sostiene las conclusiones de hecho a que llegó la corte. Aquilató la prueba exagerada de una y otra parte en cuanto al tiempo en que razonablemente el demandante realizó el trabajo adicional al de las ocho horas que consideró habían sido convenidas por las partes y lo fijó en una hora.

El certiorari para revisar las decisiones de las cortes inferiores en estos casos de reclamación de salarios, en los cuales ya se ha agotado el recurso apelativo concedido por la Ley núm. 10 de 1917, según enmendada por la Ley núm. 17 de 1945, no es con el fin de que esta Corte Suprema resuelva si dichas cortes erraron al apreciar la prueba, sino más bien, si, como cuestión de derecho, la prueba justifica o no la conclusión a que puedan haber llegado o si, habiendo una ausencia de prueba, puede sostenerse legalmente dicha conclusión. *Cf. Blanes* v. *Tribunal de Distrito,* pág. 113, ante. Y en el caso de *Jiménez* v. *Corte,* 65 D.P.R. 37, certiorari bajo la Ley 32 de 1943 (pág. 85), en el cual la corte inferior resolvió que los obreros habían trabajado algunas horas extras en exceso de las ocho horas que no estaban incluídas en el contrato, resolvimos a la pág. 47: "Ya que hay alguna base en el récord para sostener esta conclusión, no estamos en libertad de intervenir con la misma, especialmente cuando el caso no está ante esta Corte en apelación, sino por certiorari bajo la Ley núm. 32 de 1943. En vista de lo que ya hemos dicho, son distinguibles los casos de *Torres* v. *González,* 63 D.P.R. 964, y *Muñoz* v. *Corte de Distrito,* 63 D.P.R. 236. En el caso de *Torres* estaba envuelta una apelación ordinaria; el caso de *Muñoz* vino aquí en certiorari bajo la Ley núm. 32, pero en dicho caso nada había en el récord en qué basar la sentencia y tuvimos que dejarla sin efecto como cuestión de derecho."

No se cometieron los errores primero, tercero y cuarto señalados.

• ██ Por el segundo sostiene el peticionario que erró la corte al afirmar que el salario a falta de un convenio por determinadas horas, sólo puede incluir legalmente ocho horas de trabajo y cita del caso de *Cardona* v. *Corte,* 62 D.P.R. 61, lo dicho a la pág. 98 al efecto de que: "Es decir, si las partes en realidad convinieron en que el obrero recibiría $1.68 por doce horas, resultando que el tipo por hora es 14 centavos, el obrero ya ha sido totalmente compensado al tipo ordinario por todas las doce horas, aunque él tendrá, desde luego, derecho a la compensación extra por la novena hora que el estatuto específicamente dispone deberá recibir." No tiene razón el peticionario. En el presente caso la prueba demostró que el convenio de las partes fué que el salario semanal sólo cubriría ocho horas diarias de trabajo, de manera que la novena hora trabajada no estaba incluída en el salario recibido por el demandante. La corte a quo no creyó al demandado cuando declaró que el salario semanal cubría cualquier número de horas trabajadas cada día. Tanto en el caso de *Cardona* v. *Corte,* supra, como en los de *Muñoz* v. *Corte,* 63 D.P.R. 236; *Jiménez* v. *Corte,* supra, y otros, lo que hemos resuelto es que si el obrero ha realizado una jornada mayor de ocho horas por un precio convenido para dicha jornada, él está obligado por su contrato, y habiéndosele pagado el jornal pactado, sólo puede recobrar del patrono la compensación extra por la novena hora de cada día trabajado a tipo sencillo, por ya haber cobrado dicha novena hora. Esa no es la situación en el caso de autos en el cual al interventor no le había sido satisfecha la novena hora trabajada.

El lenguaje usado por la corte inferior en sus conclusiones de derecho, aplicado a los hechos que consideró probados, es confuso, pues aquí hubo un convenio por ocho horas de trabajo. En tanto en cuanto a otras situaciones de hecho se refiere, la conclusión de la corte de que "a falta de un convenio por determinadas horas el salario sólo puede

incluir ocho horas de trabajo'' podría ser errónea. Por ejemplo, si las partes convienen en un salario por diez horas o sin horas determinadas de trabajo, dicho salario cubriría todas las horas trabajadas (menos la novena a tipo sencillo adicional), *Cardona* v. *Corte,* supra; o si, a falta de un convenio expreso el empleado trabaja esas mismas horas, igual sería el resultado.

 Arguye el peticionario en su quinto señalamiento que la corte inferior erró al conceder un valor probatorio limitadísimo al recibo firmado por el demandante al cesar en su empleo. Dicho recibo dice así:

''Por el presente hago constar que, desde hace unos siete años hasta la fecha, he venido prestando mis servicios en la finca de don Cesáreo García, del barrio de Sabana Hoyos, Arecibo, habiendo percibido durante todo el tiempo, sin interrupción el sueldo convenido entre ambas partes y por tales servicios como mayordomo, y además recibo en este acto de manos del señor García, la cantidad de SETENTA Y CINCO DOLLARS ($75.00) que me entrega como compensación y saldo por todos conceptos hasta el día de la fecha en que, mi renuncia como empleado, me ha sido aceptada.

''En Arecibo, P. R., a seis de enero de 1945.

(Fdo.) Sebastián Miranda''

Aun cuando el peticionario declaró que le había dado los $75 al demandante ''en saldo de todos conceptos'', a preguntas del juez dijo:

''P. ¿Por qué usted tenía que darle $75 si le había pagado los jornales? —Como compensación porque él me dijo que le diera algo.

P. ¿Como un bono de regalo? —Sí, señor.

P. ¿Como un regalo? —Sí, señor.''

Y el interventor, también interrogado por el juez, dijo:

''P. Usted dijo que él le había dado en una ocasión veinte dólares, en otra veinticinco, y después cien dólares. ¿Ahora, además de esos $145 le dió estos $75? —Cuando en la semana me retiró,

me los dió en pago de acuerdo a lo que yo pudiera trabajar hasta que consiguiera trabajo, las cuatro semanas de pago que se pagan, en lo que yo conseguía trabajo.''

Es obvio que si el propio peticionario admitió que los $75 eran una compensación o un regalo que el demandante le había pedido al cesar en su empleo, dicha suma no puede considerarse como ''un saldo en todos conceptos'' por el trabajo extra realizado por el demandante, aceptando, sin resolverlo, que no sea ilícita por ser contraria a la política pública y que pueda transigirse una reclamación de salarios de esta naturaleza. *Cf. Schulte, Inc.* v. *Gangi*, 328 U.S. 108, 167 A.L.R. 208; las anotaciones en 158 A.L.R. 1389 y 167 A.L.R. 218, y discusiones sobre la cuestión de transacciones bajo la Ley de Horas y Salarios federal en 57 *Harvard Law Review* 257 y 45 *Cal. Law Review* 798.

██ Por último alega el peticionario que la corte a quo erró al computar a tipo doble el salario a que tenía derecho el demandante por la novena hora, ya que el cómputo debió hacerse a base de tipo sencillo por haber sido satisfecha dicha novena hora con el salario semanal que percibía el demandante. De nuevo parte de la base el peticionario de que el salario semanal del demandante incluía todas las horas extras trabajadas por el demandante. Empero, la corte resolvió que el convenio fué por ocho horas diarias y no erró, por tanto, al condenar al peticionario a satisfacer la novena hora a tipo doble.

*Se anulará el auto expedido.*

El Juez Asociado Sr. De Jesús no intervino.