FERNANDO SIERRA BERDECÍA, querellante y apelante, *v.* PEDRO A. PIZÁ, INC., querellada y apelada.

Número 12603.

*Sometido:* 26 de noviembre de 1958. *Resuelto:* 24 de marzo de 1961.

*Domingo Candelario* y *Carlos Bastián Ramos,* abogados del apelante; *L. C. Delucca,* abogado de la apelada.

PER CURIAM: Fernando Sierra Berdecía, Secretario de Trabajo, en representación y para beneficio de Angel Egozcue sometió una querella sobre reclamación de salarios contra Pedro A. Pizá, Inc. ante el Tribunal de Distrito, Sala de San Juan. Luego de los procedimientos de rigor, obtuvo sentencia favorable a su causa, de la cual apeló la querellada ante el Tribunal Superior, Sala de San Juan. Dicha Sala a su vez dictó sentencia en el caso y la copia de la notificación se archivó en autos el 29 de mayo de 1958. El 3 de junio siguiente, el Secretario de Trabajo interpuso recurso de apelación contra dicha sentencia ante este Tribunal Supremo, mediante la presentación del escrito corriente de apelación.

El 12 de noviembre de 1958 la querellada nos sometió una "Moción de Desestimación de Apelación" en la que "interesa de este Hon. Tribunal, se sirva desestimar la referida apelación toda vez que la misma no procede conforme a la sec. 19 de la Ley de la Judicatura de 1952, tal como ha sido interpretada en el caso *Borinquen Furniture* v. *Tribunal de Distrito,* 78 D.P.R. 901". El apelante no sometió oposición alguna. Tiene razón la querellada.

En la mencionada sentencia, emitida por este Tribunal en 1956, resolvimos que no es apelable ante este Tribunal la sentencia o resolución final que dicta el Tribunal Superior (después de considerar los méritos) en un procedimiento de *certiorari* para revisar actuaciones del Tribunal de Distrito. En tales circunstancias, el recurso adecuado es el de *certiorari* a ser librado discrecionalmente por el Tribunal Supremo.

Poderosas razones de política pública encarnadas en la Ley de la Judicatura de 1952 y principalmente en su sec-

ción 19 (¹) (4 L.P.R.A. sec. 122) movieron nuestro criterio en la antedicha ocasión. Allí explicamos:

"Por otro lado, el precepto de ley que permite una sola apelación en todos los casos procedentes del Tribunal de Distrito es uno de los principios básicos de la organización judicial en Puerto Rico. Fue necesario poner fin a la práctica de apelaciones múltiples porque obviamente éstas constituyen ' . . . un despilfarro económico y ponen en peligro la confianza que deben tener los ciudadanos en los tribunales . . .' Sunderland, *Intermediate Appellate Courts*, 6 Am. L. School Rev. 693 (1929). Tenemos por ley el poder del todo discrecional para revisar sentencias dictadas en apelación por el Tribunal Superior, pero únicamente a los fines de (1) conservar la uniformidad de la doctrina judicial, (2) fijar pautas o normas respecto a cuestiones importantes de derecho público o privado, y (3) evitar manifiesta injusticia en la aplicación del derecho. Además, al declarar de plano *no ha lugar* a una petición de *certiorari* ni tenemos que explicar las razones que motivan nuestra negativa ni expresamos criterio alguno respecto a los méritos del caso. *Bartolomei* v. *Tribunal Superior,* 77 D.P.R. 462 (1954)."

Esta fundamental norma de organización judicial fue confirmada en lenguaje que no deja lugar a dudas por el art. 2 (d) de la Ley Núm. 115 de 26 de junio de 1958 (4 L.P.R.A. sec. 37). Provee lo siguiente: "Las sentencias que dicte el Tribunal Superior en apelaciones procedentes del Tribunal de Distrito y en pleitos para revisar, a base del récord de los procedimientos al nivel administrativo o mediante juicio de novo, las decisiones, órdenes o resoluciones de organismos administrativos, podrán ser revisadas por el Tribunal Supremo mediante *certiorari* a ser librado a su discreción, y de ningún otro modo". Aunque esta disposición no es, por su fecha, técnicamente aplicable al caso de autos, su aprobación sin duda fortalece el criterio contrario a la

---

(¹) "Por la presente se establece el derecho a apelar al Tribunal Superior de cualquier sentencia final del Tribunal de Distrito . . . Una ulterior revisión sólo podrá lograrse mediante *certiorari* ante el Tribunal Supremo, a ser librado por dicho Tribunal a su discreción." El art. 35 de la Ley Orgánica de la Judicatura (*Leyes* de 1950, pág. 1127) contenía una disposición similar.

doble apelación que habíamos expresado en *Borinquen Furniture*. Véase *Hull Dobbs Company of Puerto Rico* v. *Tribunal Superior*, ante, pág. 77 (1961).

A estas claras expresiones de la voluntad de la ley no puede oponerse la sec. 12 de la Ley de Reclamaciones por Servicios Prestados[2] (32 L.P.R.A. sec. 3111) según fue enmendada en 1945, y que autorizaba un doble sistema de apelación y *certiorari* para acudir ante el Tribunal Supremo "de las sentencias dictadas por el Tribunal Superior en grado de apelación". *Muñoz* v. *Corte*, 63 D.P.R. 236, 239 (1944); *Avellanet* v. *Porto Rican Express Co.*, 63 D.P.R. 633, 635–636 (1944); *Torres* v. *González*, 63 D.P.R. 964 (1944); *Ayala* v. *Martell*, 65 D.P.R. 114, 116 (1945); *Antonio Roig Sucrs.* v. *Corte*, 66 D.P.R. 446, 447–448 (1946); *Blanes* v. *Tribunal de Distrito*, 69 D.P.R. 113, 120–121 (1948); *García* v. *Corte*, 69 D.P.R. 152, 156 (1948). En dos sentencias muy recientes hemos tenido ocasión de examinar problemas íntimamente ligados al que nos ocupa y en ambas hemos dado preferencia, por poderosas razones allí explicadas, a las disposiciones de ley dirigidas a lograr una mayor uniformidad y rapidez en los trámites. *Hull Dobbs Company of Puerto Rico* v. *Tribunal Superior*, supra; *Andino* v. *Fajardo Sugar Co.*, ante, pág. 85, (1961); Cf. *Rivera* v. *Quiñones*, 70 D.P.R. 318 (1949). Igual actitud debemos asumir en el presente caso.

Fallamos, por consiguiente, que a partir de la Ley de la Judicatura de 1952, sólo vía *certiorari* puede acudirse a este Tribunal Supremo para revisar las sentencias dictadas por

---

[2] "En ningún caso se dará más de una apelación en los juicios sobre reclamación de salarios agrícolas.

"Las sentencias dictadas por el Tribunal Superior en grado de apelación podrán revisarse por el Tribunal Supremo de Puerto Rico, a su discreción, mediante *certiorari*, en todos los casos en que tales sentencias no fueren apelables para ante dicho Tribunal Supremo, incluyendo las que versen sobre reclamación de salarios agrícolas." Véase, además, la Ley Núm. 32 de 3 de mayo de 1943 (*Leyes*, pág. 85).

el Tribunal Superior en grado de apelación en pleitos autorizados por la Ley de Reclamaciones por Servicios Prestados. Considerando, no obstante, que las leyes aplicables no fijan término para la presentación del recurso de *certiorari* ante nos, el apelante podrá, si así lo desea, presentar su solicitud de *certiorari* dentro de un término razonable,[3] si demuestra que tramitó su recurso de apelación diligentemente y que no puede, por lo tanto, imputársele defecto de incuria (laches). *Pueblo* v. *Tribunal Superior*, 81 D.P.R. 904 (1960). Igualmente podrán proceder aquellos otros apelantes que se encuentren en circunstancias similares.

*Se dictará sentencia desestimando el recurso de apelación.*

---

[3] En este caso no podemos, desde luego, considerar el escrito de apelación como una solicitud de *certiorari*, ya que no aduce ningún fundamento. *Concepción* v. *Junta de Contabilidad*, 80 D.P.R. 194, 196, *n.1* (1958).