ARCADIO RIVERA, peticionario, *v.* TRIBUNAL DE DISTRITO DE PUERTO RICO, SECCIÓN DE SAN JUAN, HON. EMILIO S. BELAVAL, JUEZ, demandado; CLÍNICA ANTILLAS, INC., interventora.

Núm. 1891.—*Sometido:* Abril 9, 1951.   *Resuelto:* Junio 29, 1951.

*Joaquín Gallart Mendía* y *Augusto Palmer,* abogados del Departamento del Trabajo y a su vez del peticionario; *Juan Rodríguez de Jesús, Raúl Trujillo Santiago* y *Mariano Canales Delgado,* abogados de la interventora, querellada en el pleito principal.

El Juez Asociado Señor Negrón Fernández emitió la opinión del tribunal.

Arcadio Rivera trabajó como empleado para la Clínica Antillas, Inc. desde el 2 de mayo de 1949 hasta el 13 de marzo de 1950, fecha ésta en que renunció su empleo. Devengaba un salario mensual de $46 que le era satisfecho a razón de $15 quincenales, más los servicios diarios de desayuno, almuerzo, comida y dormitorio. Al renunciar, reclamó de la Clínica Antillas, Inc. la suma de $17.62 por concepto de vacaciones acumuladas y no pagádasle. La clínica se negó a satisfacer la indicada cantidad y el empleado inició la presente acción en reclamación de dicho importe, más una suma igual por vía de penalidad.

Expedimos el auto de *certiorari* para revisar la sentencia del tribunal inferior que declaró sin lugar la querella fundándose en que de acuerdo con el Decreto Mandatorio núm. 4 de la Junta de Salario Mínimo de Puerto Rico, apartado C–1 ([1])—aplicable a los empleados y trabajadores de hospitales, clínicas y sanatorios—el querellante no tenía derecho a reclamación alguna por concepto de vacaciones por no haber trabajado "no menos de un año antes del comienzo de dichas vacaciones."

■■ El Decreto Mandatorio núm. 4, luego de establecer el derecho de todo empleado en él comprendido a 15 días

---

([1]) El apartado C–1 de dicho Decreto dispone:

"*Día semanal de descanso, licencia y vacaciones.*—Todo empleado permanente comprendido en las disposiciones de este Decreto tendrá derecho a un día de descanso por cada seis de trabajo, quince (15) días de licencia al año con sueldo completo por enfermedad y quince (15) días de vacaciones, también al año y con sueldo.

"Para disfrutar de las vacaciones será menester, salvo disposición de ley en contrario, que el empleado haya estado trabajando con el patrono, ya en vigor este Decreto, no menos de un año antes del comienzo de sus vacaciones. Se concederán éstas a solicitud del empleado cuando el patrono estime que la concesión de las mismas no afectará substancialmente el servicio. Las vacaciones acumuladas nunca pasarán de más de treinta (30) días; y si en el caso de haberlas el empleado renuncia, cesa en su trabajo o se le despide sin haber dado causa justa para ello, el patrono le pagará en el acto el importe del período acumulado como si durante éste, hubiera prestado servicios el empleado."

de vacaciones con sueldo al año, dispone que para disfrutar de las mismas será menester—salvo disposición de ley en contrario—que el empleado haya estado trabajando con el patrono, ya en vigor el Decreto, no menos de un año antes del comienzo de sus vacaciones. También dispone que las vacaciones acumuladas nunca pasarán de 30 días y que, de haberlas, si el empleado renuncia, cesa en su trabajo o se le despide sin haber justa causa para ello, el patrono le pagará el importe del período acumulado. Nada hay en el Decreto, sin embargo, en el sentido de que las vacaciones puedan únicamente acumularse de año en año, o sea de 15 en 15 días hasta un máximo de 30, pues el requisito del Decreto de que el empleado haya estado trabajando con el patrono no menos de un año antes del comienzo de sus vacaciones va dirigido a limitar el derecho del empleado en el *disfrute* de las vacaciones que la ley le concede, y no a exonerar al patrono del pago de su importe cuando el empleado renuncia, cesa o se le despide sin justa causa, no importa que en estos casos el empleado no haya estado el año completo al servicio del patrono al terminar su empleo, pues si bien las vacaciones se computan a razón de 15 días al año, y éste debe transcurrir antes de que el empleado pueda disfrutar de ellas, las mismas, a los fines de ser compensadas cuando termina la relación de patrono y empleado, deben considerarse acumuladas a prorrata por el período de labor...

Ha de observarse que el propio apartado C–1 del referido Decreto también establece el derecho de los empleados sujetos a sus disposiciones en 15 días de licencia al año con sueldo completo *por enfermedad*, además de los 15 días de vacaciones. La limitación contenida en el Decreto en cuanto al disfrute de las vacaciones no afecta el derecho del empleado al uso de los 15 días de licencia al año con sueldo completo por enfermedad, como ocurre con el disfrute de sus vacaciones. Sin embargo, tanto los días de licencia por enfermedad como los de vacaciones al año, tienen un correlativo de días de licencia por enfermedad y de vacaciones

por mes. Nadie podría argüir que un empleado que ha estado al servicio de su patrono sólo seis meses no tenga derecho a los 7½ días de licencia por enfermedad que durante dichos seis meses ha acumulado, por el hecho de que el Decreto le reconoce el derecho a tal licencia a base de 15 días *al año*. En uno y otro caso, tanto la licencia por enfermedad como las vacaciones se acumulan a medida que transcurren los meses de servicio, a prorrata. En el caso de vacaciones, el empleado no puede disfrutar de ellas sin haber cumplido un año de servicio. Pero una cosa es el disfrute de las vacaciones y otra es el derecho a recibir el importe correspondiente a aquella parte de las mismas que en la proporción correspondiente haya acumulado el empleado mes tras mes. Otra interpretación del Decreto que nos ocupa podría conducir a derrotar el propósito fundamental que inspira este tipo de medida protectora del trabajo.

En consecuencia, resolvemos que el peticionario tiene derecho a la suma reclamada en su querella por concepto de vacaciones y a una suma igual por vía de penalidad.[1]

*La sentencia del tribunal inferior será anulada y se dictará otra declarando con lugar la querella de conformidad con los términos de esta opinión.*

---

[1] La clínica demandada, no obstante haber negado en su contestación los hechos esenciales de la querella, admitió los mismos el día de la vista en el tribunal inferior, limitando la controversia a la cuestión de derecho que ya hemos considerado.