PUERTO RICO AUTO CORPORATION, peticionaria, *v.* TRIBUNAL
DE DISTRITO DE PUERTO RICO, SECCIÓN DE SAN JUAN, de-
mandado; EL COMISIONADO DEL TRABAJO DE PUERTO RICO,
interventor.

Núm. 1938.—*Sometido:* Abril 1, 1952. *Resuelto:* Abril. 18, 1952.

*Vicente M. Ydrach,* abogado de la peticionaria; *Joaquín Gallart
Mendía,* abogado del Departamento del Trabajo y a su vez
del interventor.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tri-
bunal.

Despedidos por la peticionaria ciertos empleados perma-
nentes sin habérseles pagado el importe de las vacaciones acu-

muladas a que de acuerdo con el inciso F (3) del Decreto Man-
datorio núm. 8 tenían derecho, el Comisionado del Trabajo
acudió ante el Tribunal Municipal de San Juan en reclama-
ción no sólo de la compensación correspondiente a los días de
vacaciones a que cada uno de los reclamantes alegaba tener
derecho, si que también a una suma igual por concepto de
penalidad. Contestada la querella y sometido el caso por
estipulación, (¹) dicho tribunal declaró con lugar la querella,
apelando la querellada para ante el de Distrito. Sometido
nuevamente el caso por la estipulación ya indicada, una vez
más se dictó sentencia favorable a los querellantes. Solici-
tada reconsideración, la misma fué denegada. Para revisar
la sentencia así dictada, expedimos un auto de *certiorari*.

Según la estipulación presentada, la querellada
acepta adeudar a los obreros reclamantes las cantidades que
en ella se especifican y haber depositado en el Departamento
del Trabajo para entrega inmediata a dichos obreros, las su-
mas mencionadas. Se hace constar además en la estipulación
que el criterio de la querellada es que las sumas reclamadas
por vía de penalidad no proceden, toda vez que a su juicio tal

---

(¹) La estipulación suscrita por las partes en 23 de enero de 1950 reza
así:

"Comparecen las partes en el caso de autos por conducto de sus abo-
gados que suscriben y respetuosamente ante este Honorable Tribunal ex-
ponen, alegan y solicitan:

"1. Que la querellada acepta deber las siguientes cantidades por con-
cepto de vacaciones acumuladas a los obreros que figuran en esta querella:

| | |
|---|---:|
| "Roberto Oliver | $25.88 |
| Ángel Pagán | 8.60 |
| Carmelo López | 8.60 |
| Mario O. García | 17.16 |
| Manuel Hernández | 10.23 |
| Luis López | 20.58 |
| Rafael Lugo García | 25.50 |

"2. Que el querellante acepta también que ésas son las cantidades que
la querellada real y efectivamente adeuda a dichos obreros.

"3. Que la querellada ha depositado en el Departamento del Trabajo
de Puerto Rico a la disposición de dichos obreros las sumas arriba indicadas
para su entrega inmediata a los mismos tan pronto se apruebe esta esti-
pulación.

penalidad se aplica exclusivamente al cobro de salarios, mas no a las cantidades reclamadas por vacaciones acumuladas. Con vista de ella las partes acordaron discutir solamente la cuestión de derecho de si debía concederse o no el pago de la penalidad adicional a los obreros reclamantes por las vacaciones acumuladas que no disfrutaron y que no les fueron compensadas por la querellada al cesar en su empleo.

El inciso F (3) del Decreto Mandatorio núm. 8 de la Junta de Salario Mínimo provee en lo esencial que:

"Tendrá derecho a vacaciones, a razón de quince días al año, con sueldo completo, todo empleado permanente, con excepción del aprendiz, que después de la promulgación de este Decreto trabaje por lo menos doce semanas consecutivas para el mismo patrono . . . . El patrono le pagará al empleado las vacaciones acumuladas cuando éste cese en su trabajo."

Y de conformidad con lo provisto por la sección 25 de la Ley núm. 8 de 5 de abril de 1941 (pág. 303) según fué enmendada por la núm. 451 de 15 de mayo de 1947 (págs. 951, 969) :

"Todo obrero o empleado que por su trabajo reciba compensación distinta o inferior a la prescrita para cualquier industria,

---

"4. Que en el caso de autos el Comisionado del Trabajo reclama, además, para los obreros ya mencionados una suma igual a la que individualmente reconoce la querellada que adeuda a los mismos. Dicha reclamación se hace al amparo de la sección 25 de la Ley núm. 8 de 5 de abril de 1941 (Ley de Salario Mínimo) según enmendada, y en concepto de penalidad adicional.

"5. Que la querellada sostiene el criterio de que la penalidad dispuesta por la sección 25 de la Ley núm. 8 de 5 de abril de 1941 es exclusivamente aplicable al cobro de salarios ya sea por tipo normal o por horas extras y nunca aplicable cuando se reclama por vacaciones acumuladas.

"6. Que las partes acuerdan mediante esta estipulación discutir solamente la cuestión de derecho de si debe concederse o no el pago de la penalidad adicional a estos obreros por las vacaciones acumuladas que no disfrutaron y que no le fueron compensadas por la querellada al cesar en su empleo.

Por lo que, en mérito de lo anteriormente expuesto, solicitan las partes de este Honorable Tribunal que apruebe esta estipulación y luego de considerada la *memoranda* que las partes someterán próximamente en relación con la cuestión que se deja arriba expresada, dicte la sentencia que en derecho corresponda."

negocio u ocupación de acuerdo con esta Ley o cualquier decreto, reglamento, resolución u orden de la Junta, tendrá derecho a cobrar mediante acción civil la diferencia adeudada hasta cubrir el importe total de la compensación que le corresponda, *más una cantidad igual a la que se le haya dejado de satisfacer, por concepto de penalidad adicional,* . . . sin que para nada de ello obste pacto en contrario." (Bastardillas nuestras.)

Es admitido que los obreros trabajaron para la peticionaria y que al ser despedidos no se les pagó cantidad alguna por concepto de las vacaciones que tenían acumuladas. En armonía con lo provisto por el inciso F(3), supra, los obreros despedidos por la peticionaria tenían derecho al pago de sus vacaciones. Así lo reconoció la querellada al consignar en el Departamento del Trabajo las sumas correspondientes a las vacaciones acumuladas. Ahora bien, habiendo tenido los obreros que acudir a los tribunales en cobro del importe de las vacaciones acumuladas, ¿tienen ellos derecho a que se les pague por vía de penalidad una suma igual a la que se les dejó de satisfacer? Creemos que sí. Admitimos que el inciso F del Decreto Mandatorio núm. 8 se refiere a Condiciones de Trabajo y que entre esas condiciones aparece el apartado 3 referente a vacaciones. Sin embargo, como muy bien sostiene el *interventor,* Comisionado del Trabajo, "cuando las vacaciones se conceden y se disfrutan tienen la categoría de condiciones de trabajo, pero cuando no han sido concedidas ni disfrutadas y el obrero cesa en su empleo, es obligación del patrono pagar su equivalente en dinero." No hay duda de que al despedirse a un obrero sin pagársele las vacaciones acumuladas a que tiene derecho y al tener éste que acudir a los tribunales en reclamación del monto de las mismas, lo que se reclama es el importe de la compensación adeudádale. En tal caso, lo provisto por la sección 25 de la Ley 8, supra, es de estricta aplicación, puesto que el obrero ha recibido por su trabajo compensación distinta a la prescrita por ley. Tiene, por ende, derecho a cobrar mediante acción civil, la diferencia

adeudada, más una cantidad igual por concepto de penalidad adicional. Véanse *Rivera* v. *Tribunal de Distrito*, 72 D.P.R. 741, 744 y *Tulier* v. *Autoridad de Tierras*, 70 D.P.R. 267, 280.

*Debe anularse el auto expedido.*