**EASTERN SUGAR ASSOCIATES (a Trust), Defendants, Appellants,**

v.

**Jose A. PENA, Plaintiff, Appellee.**

No. 4856.

United States Court of Appeals
First Circuit.
May 25, 1955.

---

---

Carlos J. Faure, San Juan, Puerto Rico, Earle T. Fiddler, Jose G. Gonzalez and Tomas I. Nido, San Juan, Puerto Rico, on the brief, for appellants.

Jose A. Pena, pro se.

Stuart Rothman, Sol., U. S. Dept. of Labor, Washington, D. C., Bessie Margolin, Asst. Sol., Sylvia S. Ellison, Atty., Washington, D. C., and Kenneth P. Montgomery, Regional Atty., U. S. Dept. of Labor, Santurce, Puerto Rico, on the brief, for Secretary of Labor of the United States, amicus curiae.

Before MAGRUDER, Chief Judge, and MARIS and WOODBURY, Circuit Judges.

MARIS, Circuit Judge.

This is a suit by the plaintiff, Jose A. Pena, against his employers, the defendants Eastern Sugar Associates, a trust, for unpaid overtime compensation which he alleges is due him under the provisions of Act No. 379, Laws of Puerto Rico, 1948. The suit was brought in the former insular district court. The defense was that the parties had entered into an employment contract of the so-called Belo type[1] which precluded the claim. The district court overruled the defense and entered judgment for the plaintiff. From this judgment both parties appealed to the Supreme Court of Puerto Rico. That court, upon the appeal of the defendant, upheld the conclusion of the district court that the contract between the parties was not a Belo type contract and that the plaintiff was therefore entitled to recover overtime compensation. Upon the appeal of the plaintiff the Supreme Court modified the judgment so as to award the plaintiff overtime compensation computed on the basis of a regular workweek of 40 hours instead of 48 hours, the figure used by the district court. —— P.R.R. ——.

The defendants asked the Supreme Court to reconsider its decision on the ground, then asserted for the first time, that the statute of limitations contained in section 6 of the Federal Portal-to-Portal Act of 1947[2] barred the portion of the claim in suit which arose prior to November 7, 1949, two years before the suit was begun. The Supreme Court denied the motion in an opinion holding that the plaintiff's claim arose exclusively under the local law of Puerto Rico and not under the Federal Fair Labor Standards Act and that the statute of limitations contained in section 6 of the Portal-to-Portal Act did not apply to suits brought to enforce claims to overtime compensation arising under local law. —— P.R.R. ——.

Upon a second motion by the defendants, however, the Supreme Court gave further consideration to the defendants' contentions, filing a third opinion in which it considered the question whether the suit was not in fact for overtime

1. See Walling v. A. H. Belo Corp., 1942, 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716.

2. 29 U.S.C.A. § 255.

wages due under the Federal Fair Labor Standards Act and whether in such a suit the issue of the bar of the statute of limitations or prescription under section 6 of the Portal-to-Portal Act could be raised for the first time on appeal. Concluding that section 6 was a procedural statute which barred the remedy but did not extinguish the right the court held that since this defense had not been raised at the trial it had been waived and could not be raised on appeal. Stating that in view of this conclusion it preferred to leave open the question whether the Puerto Rican statute of limitations rather than section 6 of the Portal-to-Portal Act applied to wage claims for which both the Federal and the local law provide exactly the same standards, the Supreme Court again denied reconsideration. —— P.R. R. ——. The present appeal by the defendants followed.

We think that the Supreme Court rightly decided in its second opinion that the plaintiff's claims arose under the local law rather than under the Federal Fair Labor Standards Act and that it was not necessary for the court to consider the nature of the statute of limitations contained in section 6 of the Portal-to-Portal Act.

Section 18 of the Fair Labor Standards Act provides that no provision of that act "shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this Act or a maximum workweek lower than the maximum workweek established under this Act".[3] Thus the States, and this undoubtedly includes the Commonwealth of Puerto Rico, are given freedom of action to establish higher standards than those established by the Federal act. Puerto Rico has done so by Act No. 379, Laws of Puerto Rico, 1948, under which this suit was brought. The pertinent portions of that act follow:

3. 29 U.S.C.A. § 218.

"Section 2. Eight hours of work constitute the legal working day in Puerto Rico.

"Forty-eight hours of work constitute a working week.

"Two hundred and eight hours of work constitute a working month.

"Section 3. Regular hours of work are eight hours during any period of twenty-four consecutive hours, forty-eight hours during any week, and two hundred and eight hours during any month; * * *

"Section 4. Extra hours of work are:

"(a) The hours that an employee works for his employer in excess of eight hours during any period of twenty-four consecutive hours;

"(b) The hours that an employee works for his employer in excess of forty-eight hours during any week, unless the hours worked daily in excess of eight are paid at double rates;

\* \* \* \* \* \*

"(e) The hours that an employee works for his employer during the day of rest heretofore or hereafter fixed by law in the case of businesses and industries not subject to the closing of their establishments;

\* \* \* \* \* \*

"Section 5. Every employer who employs or permits an employee to work during extra hours shall be obliged to pay him for each extra hour a wage rate equal to double the rate agreed upon for regular hours; *Provided, however,* That every employer in any industry in Puerto Rico covered by the provisions of the Fair Labor Standards Act enacted by the Congress of the United States of America on June 25, 1938, as heretofore or hereafter amended, shall be under obligation to pay only for each hour of work in excess of the legal eight-hour working day, or in excess of forty (40) hours a week,

a wage at the rate of not less than time and a half the rate of wage agreed upon for regular hours, save when by a decree of the Minimum Wage Board or by a collective labor agreement, other working and/or compensation standard is heretofore or hereafter fixed. To determine the wage rate agreed upon for regular hours of work, the daily, weekly, or monthly wages, or wages otherwise stipulated, shall be divided by the number of regular hours worked during that same period in accordance with the provisions of this Act.

\* \* \* \* \* \*

"Section 7. If an employee works for a weekly wage, the wage stipulated shall cover solely the payment of the regular working hours during each week.

\* \* \* \* \* \*

"Section 13. Any employee who receives a compensation less than that fixed by this Act for regular hours and extra hours of work shall be entitled to recover from his employer, through civil action, the sums unpaid, plus an equal sum as liquidation of damages, in addition to the costs, expenses, and attorney's fees of the proceeding."

It will thus be seen that the local law authorizes suits by employees for the recovery of unpaid overtime compensation plus an equal sum of liquidated damages. It is quite clear from the record that the present suit was brought under the authority of this act. The plaintiff was paid under his employment contract a guaranteed weekly wage of $34. The contract also specified hourly rates. But since the Supreme Court held that these rates were fictitious and arbitrary and its ruling in this regard is not here appealed from we need not consider them.

The plaintiff's claim is for overtime pay predicated upon daily work after 8 hours, work on days of rest, and in some weeks work for more than 40 hours but not more than 8 hours on any one day or at all on a day of rest.

With respect to the first two bases for the plaintiff's claim, that is, daily work after 8 hours and work on days of rest, he claims time and a half and double time, respectively, under section 5 of Act No. 379. Since there is no similar provision in the Federal law it is perfectly clear that this part of his claim is solely under the local law. With respect to the portion of the plaintiff's claim based on work for more than 40 hours in one week but not more than 8 hours in any one day or at all on a day of rest the matter is more complicated. For this claim is based on the proviso in section 5 of Act No. 379 "That every employer in any industry in Puerto Rico covered by the provisions of the Fair Labor Standards Act \* \* \* shall be under obligation to pay only for each hour of work \* \* \* in excess of forty (40) hours a week, a wage at the rate of not less than time and a half the rate of wage agreed upon for regular hours \* \* \*" Thus the Legislature of Puerto Rico reduced, in the case of industries covered by the Federal act, the length of the workweek to conform to the Federal standard of 40 hours and provided in the case of such industries for the payment of time and a half as provided by the Federal act, instead of double time, for excess hours worked.[4] But this does not mean, as the Supreme Court in its third opinion assumed, that the amount of overtime compensation provided by the local and Federal acts is identical in the case of one who works more than 40 hours a week but not more than 8 hours in any one day or at all on a day of rest.

4. Section 7(a) of the Federal Fair Labor Standards Act, as amended, provides as follows:

"(a) Except as otherwise provided in this section, no employer shall employ any of his employees who is engaged in commerce or in the production of goods for commerce for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C.A. § 207(a).

This is because the two acts differ as to the manner in which the employee's regular rate is computed for overtime purposes. In its first opinion the Supreme Court pointed out that the Puerto Rican act is more favorable to the employee than the Federal act in that it provides that the guaranteed weekly wage is to be divided by the number of "regular hours" worked, in this case 40, instead of by the actual number of hours worked, in determining the "rate agreed upon for regular hours" which is the basis for computing time and a half for extra hours worked. We agree with the Supreme Court that this conclusion is compelled by the last sentence of section 5 and by section 7 of Act No. 379. Under the Federal Fair Labor Standards Act, however, the "regular rate at which he is employed" which is the basis for the overtime compensation of an employee who works more than 40 hours in a week is to be found by dividing the weekly compensation by the total number of hours actually worked in that week.[5] This necessarily results in a lower hourly basic rate than that computed under the Puerto Rican act. Accordingly in every case in which the plaintiff worked for more than 40 hours for his weekly wage of $34 the overtime compensation to which he was entitled under the Puerto Rican act was greater than that provided for by the Federal act, regardless of whether or not he worked on a rest day or for more than 8 hours on any other day.

It follows that the plaintiff's entire claim is necessarily based upon the local law and not upon the Federal Fair Labor Standards Act. The statute of limitations imposed by section 6 of the Portal-to-Portal Act by its terms, however, applies only to suits to enforce causes of action "under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act". It does not purport to apply to similar causes of action arising under state law[6] and was not intended to do so, as the legislative history clearly shows.[7] It is, therefore, unnecessary for us to determine whether section 6 of the Portal-to-Portal Act is substantive or procedural or to consider what its effect might be under other circumstances than those at bar.

The judgment of the Supreme Court will be affirmed.

5. Overnight Motor Transp. Co. v. Missel, 1942, 316 U.S. 572, 62 S.Ct. 1216, 86 L. Ed. 1682; Bay Ridge Co. v. Aaron, 1948, 334 U.S. 446, 68 S.Ct. 1186, 92 L.Ed. 1502.

6. Whether it could constitutionally be applied to bar suits for the enforcement of purely state causes of action we need not consider.

7. "The limitation herein provided applies only to the statutory actions or proceedings set forth in the acts enumerated in Section 5 of H.R. 2157 [which became the Portal-to-Portal Act]. Actions under the common law, or under State statutes for recovery of wages are not affected." H. Rept. No. 71, 80th Cong., 1st Sess., p. 7.