CARMEN ACOSTA, ET AL., Plaintiffs, Appellees, and Appellants, v. FLOOR COVERINGS CO. OF PUERTO RICO, INC., Defendant, Appellant and Appellee.

No. 11371. Argued April 4, 1955.—Decided June 30, 1955.

468

*Philip Licari* for defendant, appellant-appellee. *Ángel Díaz Garcia* and *M. Garcia del Rosario* for plaintiffs, appellees-appellants.

MR. JUSTICE MARRERO delivered the opinion of the Court.

This is a claim for wages filed by numerous workmen against the Floor Coverings Co. of Puerto Rico, Inc. After a trial on the merits, the trial court rendered judgment dismissing the claim of those workmen who did not work six months during the fiscal year which started on June 30, 1952 and ended on July 1, 1953 (sic), and granting the claim of the 50 workmen specifically mentioned in its judgment. By virtue of that judgment the Court ordered defendant to pay plaintiffs cited therein "a sum of money equivalent to the amount owed for vacation time, plus a like amount as a penalty provided by law, plus a sum of seven hundred dollars ($700) as attorney's fees." The following findings of fact appear in the judgment rendered:

"1. On July 1, 1951, the parties signed a collective agreement to govern during the period between July 1, 1951, and June 30, 1952.

"2. Under clause No. 8 of that agreement and under the title 'Vacations' the following was agreed: 'During the first weeks of July the factories of the company will be closed for

one week so the employees may enjoy a period of rest and entertainment, with a week's pay to each one of the workmen covered by that agreement who has worked for a six-month period during the fiscal year. That compensation to each workman will be for the average weekly salary earned during those six months. That will cover the personnel who works by piecework; the personnel on a week or day pay roll will receive payment at the agreed wage rate. If the company needs to work during vacation week, it will pay for the work in addition to a week's vacation pay.'

"3. After, this complaint was filed and answered, defendant, acting behind its attorney's back and without previous notice to the Department of Labor, gave vacation pay to a number of the workmen. Some of the petitioners did not work six months during the fiscal year June 30, 1952, to July 1, 1953 and others received vacation pay.

"4. Among the petitioners there are 58, namely: (here they give the specific names of workers in whose favor judgment is rendered), to whom vacation pay has not been given either wholly or in part."

■ The plaintiffs whose claims were dismissed, as well as defendant, the Floor Coverings Co. of Puerto Rico, Inc., appealed. However, plaintiffs' appeal should be dismissed, because although in their notice of appeal they indicate that they disagree "with that part of the judgment which denies them the right to receive the amount corresponding to the penalty because they received and accepted their vacation pay after the complaint was filed," they filed no brief in support of their appeal. On the contrary, they filed an answer to defendant's brief in which they prayed that the judgment appealed from be affirmed.

■ Defendant contends in the first place that the lower court erred in granting vacation pay for the workers mentioned in the fourth paragraph of its findings of fact. The grounds for this assignment of error lie exclusively in the evidence introduced in the trial court. However, since the transcript of the evidence, duly approved and certified by the trial court, has not been sent to us, we are in no

position to consider the error. It is a rule in our jurisdiction that this Court shall not consider on appeal errors involving questions of facts, unless the Court be placed in a position to examine the evidence introduced in the trial court. *Colón* v. *Imperial Guarantee, Etc., Co.,* 73 P.R.R. 822. If that evidence is not sent up, the Court can only consider assignments which raise questions of law arising from the judgment roll and which do not involve any controversy on the facts. *Descartes* v. *Tax Court, ante,* p. 83; *Colón* v. *Imperial Guarantee, Etc. Co., supra,* and cases cited therein. The transcript of the evidence sent up to this Court in the present case is incomplete and besides it was not duly certified or approved by the trial judge, as required by Rule No. 10 of this Court and § 299 of the Code of Civil Procedure, as amended by Act No. 111 of 1939, (Sess. Laws, p. 574). [1] Since defendant has not placed us in a position to consider the first error assigned, it will be dismissed.

 Nor are we in a position to determine whether the lower court erred in imposing a penalty upon defendant-appellant under the provisions in § 25 of Act No. 8 of April 5, 1941, (Sess. Laws, p. 302), as amended by Act No. 451 of May 15, 1947, (Sess. Laws, p. 950). [2]

It is impossible to determine from the documents, which are a part of the judgment roll, whether or not the Fair

---

[1] On two occasions plaintiffs moved for the dismissal of defendant's appeal on the basis that defendant had not sent up the transcript of the evidence. Both motions were dismissed by us.

[2] This Act provides in its pertinent part that:

"Every laborer or employee who receives for his work a compensation different from or lower than that fixed for any industry business, or occupation, in accordance with this Act or any decree, regulation, resolution, or order of the board, shall be entitled to recover through a civil action the unpaid difference up to the total amount of the compensation to which he is entitled, plus an amount equal to the unpaid amount, as an additional penalty, besides the costs, expenses, and attorney's fees in the proceedings, said fees to be a reasonable amount in no case less than fifty (50) dollars, all this irrespective of any agreement to the contrary."

Labor Standards Act, 29 U.S.C.A., 201–219, was applicable to the case at bar since those documents do not disclose the kind of work in which defendant corporation was engaged, or if plaintiffs were covered by said Act. Hence, it is unnecessary to consider the argument that § 25, *supra*, was inapplicable because the Federal Act applied. *Cf. Eastern Sugar Associates* v. *Peña*, 222 F. 2d 934.

Undoubtedly § 25 of the aforesaid Act No. 8 of April 5, 1941 is applicable only when the workman or employee has received a compensation different from or lower than the one to which he is entitled pursuant to that Act or any decree, decision or order of the Minimum Wage Board, so that the mere fact that plaintiffs were not paid the vacation time to which they were entitled pursuant to a Collective Agreement, does not make that Section applicable. Yet, we can not determine whether or not in the present case some mandatory decree was applicable, since, as we previously said, we do not know to what kind of work defendant corporation was devoted. Consequently, we can not exclude, without examining the evidence, the possibility that plaintiffs' vacations were guaranteed by some mandatory decree, in which case plaintiffs would have a right to receive the amount of the penalty prescribed in the aforesaid § 25. *Cf. Puerto Rico Auto Corp.* v. *District Court*, 73 P.R.R. 323, and *Encarnación* v. *Jordán*, p. 481 of this volume. In view thereof we must conclude that since appellant did not place this Court in a position to consider the evidence introduced in the trial court it is inappropriate for us to consider this assignment of error.

■■ In its last assignment of error defendant alleges that the trial court erred in ordering it to pay the sum of $700 as attorney's fees. In its conclusion of law the court states in clear terms that "the workmen, mentioned in the previous findings of fact, have a right to compensation for vacation plus an additional compensation equal to the unpaid amount *under the provisions of § 25 of Act No. 8 of*

*April 1941, as subsequently amended.* Defendant is bound to pay the workmen, petitioners herein, an additional compensation equal to the unpaid amount *besides expenses and attorney's fees incurred in this suit.* (Italics ours.)

The claim for wages may be filed summarily pursuant to Act No. 10 of 1917 (Vol. II, Sess. Laws, p. 216), as amended, or by ordinary suit pursuant to § 13 of Act No. 379 of May 15, 1948, (Sess. Laws, pp. 1254, 1262). Yet, whether the summary or the ordinary proceeding is followed, it is compulsory to impose attorney's fees on the employer, pursuant to § 25 of Act No. 8, *supra*, as well as under § 2 of Act No. 402 of 1950 (Sess. Laws, p. 954). This last Section provides that:

"*In every case* filed in the courts of Puerto Rico by a workman or an employee in which any right or sum of money is claimed for services rendered to the employer of said workmen or employees, *and in which the claim is granted wholly or in part, the attorney's fees shall be levied on the employer if the attorney is not one of the attorneys of the Department of Labor.* . . . . ." (Italics ours.)

See, also, § 13 of Act No. 379, *supra*. In the present case the workmen are represented by private attorneys. Consequently, the trial court did not err in ordering defendant to pay attorney's fees.

On the other hand, according to our jurisprudence, the fixing of the amount for attorney's fees is discretionary with the trial court. We do not believe that in ordering defendant to pay $700 as attorney's fees, the court abused its discretion. *Giráu* v. *González*, 73 P.R.R. 393, 399.

The appeal taken by plaintiffs-appellants will be dismissed and, the judgment appealed from by the defendant affirmed.

Mr. Justice Negrón Fernández did not participate herein.