CARMEN ACOSTA, GLADYS ADORNO y otros, demandantes, apelados y apelantes; *v.* FLOOR COVERINGS CO. OF PUERTO RICO, INC., demandada, apelante y apelada.

Número 11371.

*Sometido:* 4 de abril de 1955. *Resuelto:* 30 de junio de 1955.

*Philip Licari,* abogado de la demandada, apelante-apelada; *Ángel Díaz García* y *M. García del Rosario,* abogados de las demandantes, apeladas-apelantes.

492

El Juez Asociado Señor Marrero emitió la opinión del Tribunal.

Éste es un pleito en reclamación de salarios instado por innumerables obreros contra la Floor Coverings Co. of Puerto Rico, Inc. Celebrado el juicio en sus méritos, el tribunal a quo dictó sentencia declarando sin lugar la reclamación de aquellos obreros que no trabajaron seis meses durante el año fiscal que empezó el 30 de junio de 1952 y terminó el primero de julio de 1953 (sic), y con lugar la de 50 obreros mencionados específicamente en su sentencia. A virtud de la misma condenó a la demandada a pagar a los demandantes en ella citados "una suma de dinero equivalente a la cantidad adeudada por concepto de vacaciones, más una suma igual por concepto de la penalidad dispuesta por ley, más una suma de setecientos dólares ($700) por concepto de honorarios de abogado." En la sentencia así dictada aparecen las siguientes conclusiones de hechos:

"1. Con fecha primero de julio de 1951, las partes suscribieron un convenio colectivo para regir durante el período de julio primero de 1951 a junio 30 de 1952.

"2. Bajo la cláusula 8va. de dicho convenio y bajo el título de 'Vacaciones' se convino lo siguiente: 'Durante las primeras semanas de julio se cerrarán las fábricas de la compañía por una semana para que los empleados puedan disfrutar de un período de descanso y diversión con pago de una semana a cada uno de los obreros cubiertos por este convenio y que haya trabajado por un período de 6 meses durante el año económico. Dicha compensación a cada obrero será por el promedio del salario ganado semanalmente durante el curso de dichos seis meses. Esto será el personal que trabaja por piezas o pietaje; el personal de por semanas o de por días recibirá paga a razón del salario ya establecido. Si la compañía necesita trabajar la semana de vacaciones, pagará por el trabajo además de pagar las vacaciones de esa semana.'

"3. Con posterioridad a la fecha de la radicación y contestación de esta demanda, la demandada, a espaldas de los abogados y sin previa notificación al Departamento del Trabajo, pagó las vacaciones a un número de los obreros reclamantes. Algunos

de los obreros reclamantes no trabajaron seis meses durante el año fiscal junio 30 de 1952 a julio primero de 1953 y otros recibieron vacaciones pagadas.

"4. Entre los reclamantes hay un número de 58, o sea: (aquí se dan los nombres específicos de los obreros a cuyo favor se dicta sentencia), a quienes las vacaciones no le han sido pagadas ni en todo ni en parte."

 Tanto los demandantes cuyas reclamaciones respectivas fueron declaradas sin lugar, como la demandada Floor Coverings Co. of P. R., Inc., apelaron. La apelación de esos demandantes debe, sin embargo, ser desestimada, toda vez que si bien en su escrito de apelación indican que no están conformes "con aquella parte de la sentencia que les niega el derecho a recibir el importe de la penalidad por haber recibido y aceptado el pago de sus vacaciones con posterioridad a la radicación de la demanda" ellos, no obstante, no han radicado alegato en apoyo de su recurso. Por el contrario, presentaron un alegato contestando el de la demandada y en él solicitan que se confirme la sentencia apelada.

 La demandada sostiene en primer lugar que el tribunal inferior erró al acordar el pago de vacaciones a los obreros mencionados en el párrafo cuarto de sus conclusiones de hechos. Los fundamentos de este señalamiento de error descansan enteramente en la prueba que el tribunal sentenciador tuvo ante sí. No obstante, como la transcripción de evidencia, debidamente aprobada y certificada por el tribunal a quo, no nos ha sido elevada, no estamos en condiciones de considerar el error. Nuestra jurisprudencia ha establecido que para que este Tribunal pueda considerar en apelación errores que envuelvan cuestiones de hechos, es requisito indispensable que se le ponga en condiciones de examinar la prueba que el tribunal sentenciador tuvo ante su consideración. *Colón v. Imperial Guarantee, etc.*, 73 D.P.R. 881. Si no se eleva esa prueba sólo puede considerar señalamientos que susciten cuestiones de derecho, que surjan del legajo de la sentencia y que no envuelvan controversia en cuanto a los hechos. *Des-*

*cartes* v. *Tribunal de Contribuciones*, ante pág. 90; *Colón* v. *Imperial Guarantee, etc.*, supra, y casos en él citados. La transcripción de la evidencia elevada a este Tribunal en el presente caso es incompleta y además no fué debidamente aprobada ni certificada por el juez sentenciador, tal cual lo requiere la Regla 10 de este Tribunal y el art. 299 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley num. 111 de 1939 ((1) pág. 575).(1) Como la demandada no nos ha puesto en condiciones de considerar el primer error señalado, el mismo será desestimado.

Tampoco estamos en condiciones de determinar si el tribunal inferior cometió error al imponerle una penalidad a la demandada-apelante bajo lo dispuesto en la sec. 25 de la Ley núm. 8 del 5 de abril de 1941 ((1) pág. 303), según fué enmendada por la Ley núm. 451 del 15 de mayo de 1947 ((1) pág. 951).(2)

Resulta imposible determinar de los documentos que forman parte del legajo de la sentencia si la Ley de Normas Razonables del Trabajo, 29 U.S.C.A., 201–219, era aplicable al caso de autos ya que de dichos documentos no aparece a qué actividad se dedicaba la corporación demandada, ni si los demandantes estaban cubiertos por dicha Ley. De suerte que es innecesario considerar el argumento de que la sec. 25, supra, no era aplicable por razón de serlo dicha Ley. *Cf. Eastern Sugar Associates* v. *Peña*, 222 F.2d 934.

(1) En dos ocasiones los demandantes solicitaron la desestimación del recurso de la demandada, fundados en que ésta no había elevado la transcripción de la evidencia. Ambas mociones fueron declaradas sin lugar por nosotros.

(2) Ésta en su parte pertinente dispone lo siguiente:

"Todo obrero o empleado que por su trabajo reciba compensación distinta o inferior a la prescrita para cualquier industria, negocio u ocupación de acuerdo con esta Ley o cualquier decreto, reglamento, resolución u orden de la Junta, tendrá derecho a cobrar mediante acción civil la diferencia adeudada hasta cubrir el importe total de la compensación que le corresponda, más una cantidad igual a la que se le haya dejado de satisfacer, por concepto de penalidad adicional, además de las costas, gastos y honorarios de abogado del procedimiento, estos últimos en suma razonable que nunca bajará de cincuenta (50) dólares, sin que para nada de ello obste pacto en contrario."

Indudablemente la sec. 25 de la referida Ley núm. 8 de 5 de abril de 1941 es aplicable solamente cuando el obrero o empleado ha recibido una compensación distinta o inferior a la que le corresponda de acuerdo con dicha Ley o cualquier decreto, resolución u orden de la Junta de Salario Mínimo de manera que el mero hecho de que a los demandantes no les fueran pagadas las vacaciones a que tenían derecho de acuerdo con un Convenio Colectivo, no hace aplicable dicha sección. Sin embargo, no podemos determinar si en el presente caso era aplicable o no algún decreto mandatorio, toda vez que como dijimos anteriormente no sabemos a qué actividad se dedicaba la corporación demandada. En su consecuencia, no podemos excluir, sin examinar la prueba, la posibilidad de que las vacaciones de los demandantes estuvieran garantizadas por algún decreto mandatorio, caso en el cual los demandantes tendrían derecho a recibir el importe de la penalidad prescrita en la referida sec. 25. *Cf. Puerto Rico Auto Corp.* v. *Tribunal de Distrito,* 73 D.P.R. 337, y *Encarnación* v. *Jordán,* pág. 505 de este tomo. En vista de ello debemos concluir que no habiendo el apelante puesto a este Tribunal en condiciones de considerar la prueba que tuvo ante sí el tribunal inferior tampoco procede considerar este señalamiento de error.

■■ En su último error señalado la demandada imputa al tribunal inferior haber errado al imponerle el pago de la suma de $700 por concepto de honorarios de abogados. En sus conclusiones de derecho el tribunal hace constar de manera palmaria que "los obreros relacionados en las conclusiones de hecho anteriormente expuestas tienen derecho a compensación por vacaciones más una compensación adicional igual a la que se les haya dejado de satisfacer *bajo las disposiciones de la sec. 25 de la Ley núm. 8 de abril de 1941, según ha sido posteriormente enmendada.* La demandada viene obligada a pagar una compensación adicional igual a la que se le haya dejado de satisfacer a los obreros reclamantes, *además de los*

*gastos y honorarios de abogado en que hayan incurrido en este procedimiento.*" (Bastardillas nuestras.)

Los pleitos en reclamación de salarios pueden seguirse por la vía sumaria dispuesta por la Ley 10 de 1917 (Vol. II, pág. 217), según ha sido enmendada, o por la vía ordinaria. Art. 13 de la Ley 379 de 15 de mayo de 1948, págs. 1255, 1263. Empero, ora se siga el procedimiento sumario o el ordinario, la imposición de honorarios de abogado al patrono perdidoso es obligatoria, tanto bajo la sec. 25 de la Ley núm. 8, supra, como bajo el art. 2 de la Ley núm. 402 de 1950 (pág. 955). Este último preceptúa que:

"*En todo caso* radicado ante las cortes de Puerto Rico por un trabajador o empleado en que se reclame cualquier derecho o suma de dinero por servicios prestados a su patrono *y en que se conceda la reclamación en todo o en parte se condenará al patrono al pago de honorarios de abogado, si éste no fuere uno de los abogados del Departamento del Trabajo.* . . ." (Bastardillas nuestras.)

Véase, también, el art. 13 de la Ley 379, supra. En el presente caso los obreros están representados por abogados particulares. En su consecuencia, el tribunal sentenciador no cometió error al condenar a la demandada al pago de honorarios de abogado.

Por otra parte, según nuestra jurisprudencia, la fijación de la cuantía de los honorarios es discrecional en el tribunal sentenciador. No creemos que al condenarla al pago de la suma de $700 por ese concepto abusara de esa discreción. *Giráu* v. *González*, 73 D.P.R. 410, 417.

*La apelación de los demandantes-apelantes será desestimada y la sentencia apelada por la demandada confirmada.*

El Juez Asociado Sr. Negrón Fernández no intervino.