AUREA PABÓN RAMÍREZ, por sí y como madre con patria potestad sobre su menor hijo JUAN RAFAEL PABÓN, demandantes y apelados, *v.* RAFOLS MORALES, demandado y apelante.

Número 11713.

*Sometido:* 1 de marzo de 1956. *Resuelto:* 30 de abril de 1956.

*Mario Báez y García*, abogado del apelante; *Eugenio Sánchez Ruiz*, abogado de los apelados.

PER CURIAM: A principios del año 1954 Aurea Pabón Ramírez, por sí y en representación de su hijo menor Juan Rafael, instó demanda sobre filiación y alimentos contra el aquí apelante. Celebrado el juicio el día 5 de agosto de 1954, el Tribunal Superior, Sala de Mayagüez, llegó a las siguientes conclusiones de hecho:

"1.—La demandante Aurea Pabón Ramírez es una mujer soltera de 25 años de edad que, aunque tiene dos hijos, nunca ha contraído matrimonio.

2.—El demandado es un hombre de 46 años de edad que estuvo casado hasta el año 1949, teniendo éste dos hijos legítimos de ese matrimonio. En el 1949 el demandado se divorció, habiendo éste permanecido soltero desde entonces.

3.—A fines del año 1949, cuando el demandado ya se había divorciado, conoció éste a la demandante. El demandado vivía entonces solo en su casa, en la calle de la Rosa, en Mayagüez, y la demandante trabajaba de sirvienta en la casa contigua, habiendo éstos comenzado a tener relaciones sexuales al poco tiempo de conocerse.

4.—A partir de entonces, y hasta mayo de 1953, el demandado continuó teniendo periódicamente relaciones sexuales con la demandante, primero en esa casa donde continuó el demandado viviendo solo hasta fines de 1950, y luego, cuando éste se fué a vivir con sus familiares, en la finca que el demandado posee en la municipalidad de Maricao.

5.—Fruto de esas relaciones sexuales, nació el 3 de noviembre de 1950 una niña, Silvia Morales Pabón, la cual fué inscrita como hija natural reconocida de la demandante y del demandado. El demandado reconoció esta niña después que fué aconsejado para que así lo hiciera por un abogado.

6.—Nacida su primera hija, la demandante se fué a vivir con sus padres en el barrio Guanajibo, de Hormigueros. Para

esa misma fecha, el demandado se fué a vivir a casa de su madre, en Mayagüez, pero aún así, la demandante y el demandado continuaron sosteniendo periódicamente relaciones sexuales en ocasiones en que la demandante visitaba al demandado en su finca de Maricao en busca de los alimentos de la niña. En algunas de esas ocasiones la demandante permanecía por 3 ó 4 días en la finca con el demandado.

7.—Como consecuencia de esas continuadas relaciones sexuales con el demandado, volvió la demandante a quedar embarazada, y al insistir el demandado con la demandante para que ésta se provocara un aborto, ésta suspendió entonces toda clase de relaciones con el demandado, (¹) quien, en vista de la negativa de la demandante, le informó entonces a ésta que no contara con su ayuda después que naciera el niño, limitándose a darle a la demandante $20 para los gastos del parto.

8.—El día 22 de julio de 1953 la demandante dió a luz un niño, el cual fué inscrito con el nombre de Juan Rafael Pabón, como hijo natural de la demandante.

9.—A pesar de las gestiones hechas por la demandante, el demandado se ha negado a reconocer al niño como hijo suyo.

10.—No tenemos duda alguna de que el niño Juan Rafael Pabón es hijo del demandado. Nos mereció entero crédito el testimonio de la demandante en cuanto a sus relaciones con el demandado, y pudimos además apreciar durante el juicio de este caso que existe un marcado parecido entre el niño Juan Rafael Pabón y el demandado.

11.—La demandante carece de medios económicos suficientes para atender las necesidades de su nuevo hijo. Por el contrario, el demandado se encuentra en una posición económica desahogada, siendo dueño de una finca de café de 381 cuerdas situada en el Km. 18 de la carretera que conduce de Mayagüez a Maricao, estando por lo tanto el demandado en condiciones de proveer para todas las necesidades de su hijo."

A base de lo anterior, resolvió el Tribunal Superior que, aunque nunca existió un estado de concubinato entre la demandante y el demandado, ni tampoco se probó la posesión continua del estado de hijo natural, sin embargo Juan Rafael tiene derecho a ser *reconocido como hijo natural del deman-*

---

(¹) Esto ocurrió en mayo de 1953, cuando la demandante tenía más de 6 meses de embarazo.

dado, con los mismos derechos respecto a su padre que los que tienen los demás hijos legítimos. La anterior conclusión se basa en que, *habiendo nacido Juan Rafael el día 22 de julio de 1953*, era aplicable la Sección I, Artículo 2, de la Constitución del Estado Libre Asociado de Puerto Rico y las disposiciones de la Ley núm. 17, aprobada en agosto 20 de 1952 ((2) pág. 201), con efecto retroactivo a julio 25 del mismo año, por lo cual la acción de filiación en este caso no se rige por los requisitos del art. 125 del Código Civil de Puerto Rico. 31 L.P.R.A. sec. 504. Por lo tanto, "habiéndose probado satisfactoriamente que el demandado está en condiciones de proveer lo necesario para el sustento de su hijo" el tribunal a quo dictó sentencia declarando a Juan Rafael "hijo natural reconocido" del demandado, con derecho a llevar su apellido y con todos los demás derechos respecto a su padre que corresponden a los hijos legítimos, fijando una pensión alimenticia de $40 mensuales, y además condenando al demandado a pagar a la demandante la suma de $100 por concepto de honorarios de abogado.

Con fecha 15 de septiembre de 1954 el demandado apeló de dicha sentencia y señala los siguientes errores:

"Primero: El tribunal inferior cometió error manifiesto de hecho y de derecho al resolver que la presente acción de filiación no está sujeta a las disposiciones del art. 125 del Código Civil, y

Segundo: El tribunal inferior cometió error manifiesto de hecho y de derecho al resolver que la Constitución del Estado Libre Asociado de Puerto Rico ha eliminado los requisitos del art. 125 del Código Civil de Puerto Rico."

Con vista a la prueba aportada por ambas partes durante el juicio y a las reglas de derecho aplicables, resolvemos que este recurso de apelación es frívolo y está totalmente desprovisto de méritos. Procede por tanto confirmar la sentencia apelada, modificándola, no obstante, en el sentido de que "se declara al menor Juan Rafael Pabón *hijo* del deman-

dado, con derecho a llevar su apellido y con todos los demás derechos que corresponden a los hijos legítimos en virtud de la ley." Además el apelante ha incurrido en manifiesta temeridad al instar una apelación en este caso, por lo cual procede imponerle la cantidad de $500 en concepto de honorarios de abogado en apelación que deberá pagar a la parte apelada. 32 L.P.R.A. sec. 1461.