MATILDE MARTÍN GONZÁLEZ ET AL., demandantes, apelados y apelantes, *v.* DELFÍN C. TORRES y su esposa JUANITA RIVERA, demandados, apelantes y apelados.

Número 11409.

*Sometido:* 6 de marzo de 1956. *Resuelto:* 18 de junio de 1956.

*Ángel M. Ciordia y Santiago Polanco Abréu,* abogados de los demandados, apelantes y apelados; *Sergio A. Silva y Manuel Torres Reyes,* abogados de los demandantes, apelados y apelantes.

PER CURIAM: El Tribunal Superior resolvió, como cuestión de hecho, *primero*, que los demandantes fueron privados por los demandados del uso y posesión material de una parcela de terreno o callejón que durante muchos años los demandantes habían utilizado para entrar y salir de sus propiedades, y, *segundo*, que dicho despojo o perturbación ocurrió dentro del año precedente a la radicación de la demanda. En consecuencia, de conformidad con las disposiciones de la Ley núm. 43 de 1913, según fué enmendada por la Ley núm. 11 de 1917 (Arts. 690 a 697 del Código de Enjuiciamiento Civil; 32 L.P.R.A. secs. 3561 a 3566), se dictó un *injunction* ordenando "que la parte demandante sea restituída en el uso y disfrute (posesión) de la referida porción de terreno" y se impuso a los demandados la suma de $100 en concepto de honorarios de abogado de la parte demandante.

Ambas partes apelaron. Los demandados en realidad sólo impugnan una conclusión de hecho del tribunal a quo al señalar "manifiesto error al concluir que los demandados obstruyeron el libre uso que del callejón tenían los demandantes *dentro del año precedente a la radicación de la demanda*" y, por tanto, "manifiesto error al no aplicar al caso de autos la doctrina de *Martorell* v. *Municipio*, 70 D.P.R. 380 (1949)". Los demandantes circunscriben su apelación a la cuantía de los honorarios de abogado: alegan que la misma es irrazonable y excesivamente baja, tomando en cuenta el grado de temeridad de la parte demandada y el valor de los servicios profesionales envueltos en el pleito ante el tribunal de instancia.

La apelación de los demandados está desprovista de méritos e indudablemente en el fondo es frívola. La única conclusión de hecho impugnada (*i.e.*, *que la perturbación ocurrió dentro del año precedente a la fecha de la radicación de la demanda*) se basa en testimonio oral. Por

tanto, no podríamos dejarla sin efecto a menos que sea claramente errónea. Tomando en cuenta, como es preciso, la oportunidad del tribunal sentenciador para juzgar la credibilidad de los testigos, nada hay en los autos que demuestre tal error manifiesto. Por el contrario, las declaraciones de los testigos que merecieron crédito al juzgador sostienen en forma clara y terminante la referida determinación de hecho. A nuestro juicio, los demandados han incurrido en temeridad al instar un recurso de apelación en este caso, por lo cual procede imponerles la cantidad de $500 en concepto de honorarios de abogado en apelación que deberán pagar a los demandantes. 32 L.P.R.A. sec. 1461.

■■ Aunque nos parece exigua la suma de $100 que se concedió a los demandantes por concepto de honorarios de abogado en el pleito ante el tribunal de instancia, es sabido que la fijación de la cuantía de dichos honorarios siempre es discrecional. *Torres* v. *Biaggi*, 72 D.P.R. 869, 877 (1951) y los casos allí citados. Tomando en consideración todas las circunstancias que en este caso concurren, no estamos convencidos de que aquí se abusó de la amplia discreción que le confiere la ley al tribunal sentenciador para estimar el grado de culpa o temeridad y el valor de los servicios profesionales envueltos en el caso. Resolvemos, por tanto, que la apelación de la parte demandante es improcedente.

*La sentencia apelada será confirmada.*