JUAN ENRIQUE GÉIGEL, demandante y apelado, *v.* ÁNGEL RAMOS, demandado y apelante.

Número 11940.

*Sometido:* 20 de marzo de 1957. *Resuelto:* 29 de marzo de 1957.

863

*Fiddler, González & Nido, Pedro Agudo, Jr.* y *Carlos J. Faure,* abogados del apelante; *Félix Ochoteco, Jr., Juan Enrique Géigel, Guillermo Silva, Jaime A. García Blanco* y *Hernán G. Pesquera,* abogados del apelado.

*PER CURIAM:* Se trata de una acción para recobrar el justo valor de los servicios profesionales que el Lic. Juan Enrique Géigel prestó a doña Lillian Pont y Martínez desde diciembre de 1950 hasta fines de enero de 1952, en relación con (1) el pleito de divorcio instado por ella contra el aquí apelante y (2) la liquidación de la sociedad de gananciales

que entonces existía entre ambos. Luego de un juicio en los méritos, el tribunal a quo resolvió, en síntesis: que el demandado apelante convino con doña Lillian Pont y Martínez y con el letrado demandante en pagarle a éste por dichos servicios; (¹) que el valor justo y razonable de los mismos era $10,000; y que, habiendo incurrido el demandado en temeridad al oponerse a la reclamación del demandante, procedía la imposición de honorarios de abogado en la suma de $1,000.

Ante nos, el apelante arguye (1) que el demandante "debió dirigirse para reclamar sus honorarios, establecer su cuantía y fijar el límite de los mismos, a la ex-esposa del apelante, la que a su vez hubiese podido reclamar...los honorarios en que ella...había incurrido," porque nunca existió "contrato alguno entre el apelante y el abogado Géigel"; (2) que "asumiendo a los fines de la argumentación" la existencia de tal contrato entre el demandado y el demandante, el mismo es contrario al orden público y a las normas de ética profesional; (3) que el tribunal de instancia erró al fijar el valor justo y razonable de los servicios prestados en la suma de $10,000; y por último, (4) que constituye "un claro abuso de discreción" la condena de $1,000 por concepto de honorarios de abogado.

■■■ En primer lugar, luego de analizar toda la prueba que consta en autos, estamos convencidos de que la primera y la tercera contención del apelante están completamente desprovistas de méritos. Ambas se fundan en una impugnación de las determinaciones de hecho del tribunal de instancia. Y es bien sabido que, en ausencia de error manifiesto, no podemos dejarlas sin efecto en apelación. 32 L.P.R.A. Ap., R.

---

(¹) La intervención del Lic. Géigel, como abogado de la Sra. Pont en las negociaciones y demás trámites para ultimar la liquidación de la sociedad de gananciales, continuó desde fines de enero de 1952 hasta febrero o marzo de 1953, es decir, hasta que se llegó a un arreglo definitivo y se firmaron las escrituras correspondientes. Pero el demandado nunca se comprometió a pagar, ni a la Sra. Pont ni al Lic. Géigel, por los servicios que éste rindió durante dicho período. Por supuesto, la demanda no incluye el valor de los mismos y, al dictar sentencia, el tribunal a quo no los consideró en ningún modo.

52; *Carrión* v. *Tesorero de Puerto Rico*, 79 D.P.R. 371, 385–386 (1956) y los casos allí citados; 5 Moore, *Federal Practice* (2a. ed. 1951) 2603–2647. Aquí, sin lugar a dudas, la prueba practicada en el juicio sostiene ampliamente dichas determinaciones del tribunal sentenciador. En segundo lugar, considerando todas las circunstancias que concurren en este caso, no hay base alguna para sostener que el contrato de servicios profesionales celebrado entre el demandante y el demandado es contrario al orden público o viola las normas de ética profesional. Cf. *Wolkers* v. *Masson*, 27 D.P.R. 278 (1919); Drinker, *Legal Ethics* (1953) 128–130; Notas en 25 A.L.R. 354 y 42 A.L.R. 315; Drinker, *Problems of Professional Ethics in Matrimonial Litigation*, 66 Harv. L. Rev. 443 (1953). Sin duda, el Lic. Géigel venía obligado a informar al Tribunal Superior, Sala de Humacao (donde se ventiló la acción de divorcio) que de antemano el Sr. Ramos había acordado pagar el justo valor de sus servicios como abogado de la Sra. Pont, que era la parte actora en dicho pleito. Pero aquí no se probó, ni siquiera se alegó, que él dejara de cumplir con dicha norma. Y por otro lado, la prueba demuestra: *primero*, que la Sra. Pont escogió al Lic. Géigel como su abogado libremente y, aún más, en contra de los deseos del Sr. Ramos; *segundo*, que ella tenía pleno conocimiento—y hasta era parte—del contrato entre Géigel y Ramos; y *tercero*, que en todo momento la conducta del Lic. Géigel fué intachable.(²) Finalmente, es fútil la contención de la parte apelante que impugna la concesión de honorarios de abogado al demandante en la suma de $1,000. El tribunal sentenciador siempre tiene amplia discreción para determinar si la parte perdidosa fué temeraria y también para fijar la cuantía de los honorarios de acuerdo con el grado de temeridad y el valor de los servicios del abogado. Nada en este caso demuestra un abuso de di-

---

(²) Durante todos los trámites del divorcio y de la liquidación de la sociedad de gananciales, los Licenciados José G. González y Carlos J. Faure representaron al Sr. Ramos.

cha discreción. Por el contrario, surge claramente de los autos que el demandado-apelante fué temerario al oponerse a la reclamación del demandante. A ese respecto no importa que la suma concedida por la sentencia ($10,000) fué menor que la reclamada en la demanda ($15,000). El demandado prácticamente se negó a cumplir aquí su obligación contractual: ofreció pagarle al demandante sólo $1,000 por sus servicios al contestar la demanda. *Reyes* v. *Aponte*, 60 D.P.R. 890 (1942); *Mercado* v. *American Railroad Co.*, 61 D.P.R. 228 (1943); *Torres* v. *Biaggi*, 72 D.P.R. 869, 877 (1951) y los casos allí citados.

■ No tenemos duda de que en el fondo el presente recurso de apelación es totalmente frívolo. De nuevo advertimos a los litigantes y a sus abogados que es impropio ocupar así innecesariamente la atención de este Tribunal Supremo. *Martínez & Márquez, Inc.* v. *Whitehead & Co.*, 79 D.P.R. 153 (1956). Como a nuestro juicio el apelante ha incurrido en temeridad manifiesta al instar un recurso de apelación en este caso, procede imponerle la cantidad de $500 en concepto de honorarios de abogado en apelación que deberá pagar al demandante-apelado. 32 L.P.R.A. sec. 1461; *Pabón* v. *Morales*, 79 D.P.R. 154 (1956); *Martín* v. *Torres*, 79 D.P.R. 391, 393 (1956).

*Debe confirmarse la sentencia apelada.*

El Juez Presidente Sr. Snyder y los Jueces Asociados Sres. Negrón Fernández y Sifre, no intervinieron ni en la consideración ni en la decisión de este caso.