LUCAS VÉLEZ, demandante y apelado, *v.* FÉLIX S. HERNÁNDEZ, demandado y apelante.

Número 12144.

*Sometido:* 13 de junio de 1958. *Resuelto:* 20 de junio de 1958.

*Eudaldo Báez García,* abogado del apelante; *José Sabater,* abogado del apelado.

PER CURIAM: El 15 de diciembre de 1955 el Tribunal Superior, Sala de Mayagüez, dictó sentencia en este caso declarando sin lugar la demanda de desahucio. En sus conclusiones de hecho dió por probadas las alegaciones de la demanda y en las de derecho dejó establecido que el demandante había probado que deseaba de *buena fe* recobrar el local comercial objeto de la acción para establecer en el mismo un negocio propio, conforme a las pautas sentadas en *Sucn. Pérez* v. *Gual,* 75 D.P.R. 385 (1953) y *Roselló Hnos.* v. *Figueroa,* 78 D.P.R. 261 (1955). Sin embargo, dictó sentencia declarando sin lugar la demanda por estimar que el demandante no había cumplido con la Orden Administrativa núm. 7 de la Oficina de Inquilinato. En apelación, revocamos dicha sentencia. Resolvimos que la Orden Administrativa núm. 7 "en tanto declara nulo el requerimiento que en forma fehaciente haga el inquilino, de conformidad con el estatuto —en casos en que el propietario necesite para sí de buena fe el local de comercio o negocio— . . . es nula por constituir un ejercicio no autorizado de la facultad delegada por el artículo 5 (*d*) de la Ley (núm. 464 de 25 de abril de 1946, 17 L.P.R.A. sec. 185)."

Devuelto el caso al tribunal de instancia para que dictara sentencia de conformidad con sus conclusiones de hecho y de derecho no incompatibles con nuestra opinión, se decretó el desahucio por sentencia que dictó el Tribunal Superior, Sala de Mayagüez, el 22 de agosto de 1956. El demandado instó el presente recurso de apelación contra la referida sentencia y señala como único error el siguiente: "El Tribunal Superior de Puerto Rico, Sala de Mayagüez, cometió error de hecho y de derecho, al resolver que el demandante había pro-

bado que interesaba, de buena fe, el local comercial objeto de esta acción, para establecer en el mismo y en el otro local contiguo también ocupado por el demandado, un negocio propio, cuando la prueba y, muy especialmente, la propia prueba del demandante, estableció sólo hechos y circunstancias demostrativas de la no existencia de buena fe por parte del demandante."

■ Hemos analizado toda la prueba presentada ante el tribunal de instancia y creemos que la misma demuestra plenamente la buena fe del demandante. Más aún: el conjunto de la prueba que desfiló ante el tribunal de instancia sólo permite llegar a la conclusión de que en este caso el demandante necesitaba para sí de buena fe el local de comercio que ocupaba el demandado. Por tanto, se demostró sin lugar a dudas el derecho que asiste al dueño de una propiedad que desea retirar la misma del mercado de alquileres para dedicarla a su propio uso. Véanse *Vélez* v. *Tribunal Superior*, 79 D.P.R. 437, 441–442 (1956) ; *Roselló Hnos.* v. *Figueroa*, 78 D.P.R. 261 (1955) ; *Mouriño* v. *Tribunal Superior*, 76 D.P.R. 273 (1954) ; *Sucn. Pérez* v. *Gual*, 76 D.P.R. 959 (1954) ; *Sucn. Pérez* v. *Gual*, 75 D.P.R. 385 (1953) ; *Rivera* v. *R. Cobián Chinea*, 181 F.2d 974 (C.A. 1, 1950).

■■ No tenemos duda de que en el fondo el presente recurso de apelación es totalmente frívolo. Sólo persigue el propósito de permitir al demandado permanecer durante un período adicional de tiempo en el local de comercio del cual fue desahuciado. A nuestro juicio, el apelante ha incurrido en manifiesta temeridad al instar en este caso un recurso de apelación y procede imponerle la cantidad de $500 en concepto de honorarios de abogado en apelación que deberá pagar al demandante-apelado. Véanse 32 L.P.R.A. sec. 1461; *Géigel* v. *Ramos*, 79 D.P.R. 862, 866 (1957) ; *Ochoa* v. *Cía. Ron Carioca*, 79 D.P.R. 861, 862 (1957) ; *Martínez & Márquez, Inc.* v. *Whitehead & Co.*, 79 D.P.R. 153 (1956) ; *Pabón* v. *Morales*, 79 D.P.R. 154 (1956) ; *Martín* v. *Torres*, 79

D.P.R. 391, 393 (1956); *García* v. *Hernández*, resuelto *Per Curiam* el 15 de noviembre de 1956.

*La sentencia apelada será confirmada, condenándose además al apelante a pagar $500 en concepto de honorarios de abogado en apelación a la parte demandante-apelada.*