Aníbal Freytes, por sí y en representación de la Sociedad de Gananciales y Elba Nellie Colón, como heredera de su hija Yara Ivelisse Freytes Colón, demandantes y apelados, *v.* Municipio de Manatí y United States Fidelity and Guaranty Company, demandados y apelante el primero.

Número 11507.
*Sometido:* 16 de junio de 1958. *Resuelto:* 25 de junio de 1958.

522

*Santiago Polanco Abréu,* abogado del apelante, Municipio de Manatí; *Romany & Romany,* abogados de los apelados.

PER CURIAM: Examinados los autos, analizada cuidadosamente la prueba que tuvo ante sí el tribunal sentenciador y estudiadas las cuestiones que plantean las partes en sus alegatos, este Tribunal concluye que los dos errores señalados por la parte demandada-apelante son frívolos. En primer lugar, no hay base alguna para dejar sin efecto las determinaciones de hecho del Tribunal Superior en este caso y la impugnación de las mismas constituye en realidad el único fundamento del primer error apuntado. Además, el segundo error señalado pretende ignorar por completo la doctrina sentada en los casos de *Álvarez* v. *Hernández,* 74 D.P.R. 493 (1953) y de *Irizarry* v. *Pueblo,* 75 D.P.R. 786 (1954). En efecto, el chófer del camión de la demandada lo estacionó al borde de la acera izquierda de la calle y, a sabiendas de que había niños jugando con una bola en las aceras, puso en marcha dicho vehículo. Tenía que anticipar razonablemente la posibilidad de que un niño se lanzara a recoger la bola a la calle. Para evitar un accidente debió actuar con sumo cuidado en esas circunstancias. Sin

embargo, emprendió la marcha por su izquierda, sin cerciorarse si algún niño se había bajado a la calle. A muy corta distancia (aproximadamente a 35 pies) arrolló a la menor de 18 meses de edad con la rueda delantera, causándole la muerte. La cabeza de la niña quedó sobre el encintado y sus piernas sobre la acera. La calle en que ocurrió dicho accidente era recta, ancha y estaba en ese momento expedita porque no había allí ningún vehículo, ni en marcha ni estacionado. Así, pues, resulta claramente frívolo sostener que el tribunal sentenciador cometió error "al negarse a aplicar, a la situación de hechos, clara jurisprudencia del Tribunal Supremo de Puerto Rico", limitándose a citar los casos de *Meléndez* v. *Álvarez*, 35 D.P.R. 343; *Figueroa* v. *Vives & Maxan*, 46 D.P.R. 240, y *Abréu* v. *Díaz*, 52 D.P.R. 739, que obviamente son inaplicables al caso de autos.

A nuestro juicio la parte apelante ha incurrido en manifiesta temeridad al instar un recurso de apelación en este caso, por lo cual procede imponerle la cantidad de $750 en concepto de honorarios de abogado en apelación que deberá pagar a los demandantes-apelados. Véanse 32 L.P.R.A. sec. 1461; *Géigel* v. *Ramos*, 79 D.P.R. 862, 866 (1957); *Ochoa* v. *Compañía Ron Carioca*, 79 D.P.R. 861, 862 (1957); *Martínez & Márquez, Inc.* v. *Whitehead & Co.*, 79 D.P.R. 153 (1956); *Pabón* v. *Morales*, 79 D.P.R. 154 (1956); *Martín* v. *Torres*, 79 D.P.R. 391, 393 (1956).

*Debe confirmarse la sentencia apelada, condenándose además a la parte apelante a pagar $750 en concepto de honorarios de abogado en apelación a los demandantes-apelados.*

El Juez Asociado Sr. Serrano Geyls no intervino.