MAURICE WOLF, demandante y apelado, *v.* NECKWEAR CORPORATION OF PUERTO RICO, demandada y apelante.

Número 12146.

*Sometido:* 19 de junio de 1958. *Resuelto:* 26 de junio de 1958.

*Gregorio Lacot Salgado*, abogado de la apelante; *Juan L. Cruz Rosario,* abogado del apelado.

El Juez Asociado Señor Saldaña emitió la opinión del Tribunal.

Se trata de una acción por despido sin causa justificada. El tribunal de instancia determinó a base de la prueba presentada en el juicio lo siguiente: (1) La parte demandada-apelante contrató los servicios del demandante-apelado como gerente de producción en virtud de un contrato sin tiempo determinado, a razón de $100 semanales; (2) El demandante-apelado bajo los términos del referido contrato trabajó al servicio de la demandada-apelante desde el 2 de mayo de 1955 hasta el 8 de agosto de 1955; (3) El 1 de julio de 1955 el gerente general de la demandada-apelante se trasladó a los Estados Unidos y en su ausencia el demandante-apelado hizo

un duplicado de la llave de la oficina sin autorización expresa del gerente general; (4) Esta actuación del demandante-apelado se debió al hecho de que estando ausente el gerente general, él tenía que usar la oficina el día sábado para dar curso a la correspondencia con Nueva York; (5) El demandante-apelado devolvió la copia de la llave de la oficina poco tiempo después cuando el gerente de la compañía se lo requirió; (6) Mientras el demandante-apelado tuvo dicha copia de la llave no faltó nada en la factoría ni se llevó a cabo acto alguno en perjuicio de la demandada; (7) El 8 de agosto de 1955 la demandada-apelante despidió al demandante-apelado aduciendo expresamente como razón el hecho de que éste había hecho una copia de la llave de la oficina sin autorización de sus superiores.

Como conclusión de derecho, el Tribunal Superior determinó que el despido del demandante-apelado fué sin justa causa y que el período probatorio de un año establecido en el contrato de servicios no convertía dicho contrato en uno por un período determinado. Dictó sentencia condenando a la parte aquí apelante a pagar al demandante la suma de $400 como mesada, una suma igual en concepto de penalidad y $350 para honorarios de abogado.

■■ En apelación se señalan tres errores. En el primero se alega que el art. 1 de la Ley núm. 50 de 20 de abril de 1949 (Leyes, pág. 127), 29 L.P.R.A. sec. 183, que establece el derecho a recibir como indemnización un mes de sueldo cuando el patrono despide sin justa causa a un empleado contratado sin tiempo determinado, no es aplicable al caso de autos. Sostiene la parte apelante que en el contrato de servicios se fijó un período probatorio de un año *y que por tanto dicho contrato era uno por tiempo determinado*. No tiene razón. La cláusula sobre período probatorio obviamente no significa que el contrato habría de durar un año. No le fijó término de duración alguno al contrato. Además un patrono no puede eludir la disposición de ley sobre mesada mediante una cláusula que le dé derecho a despedir al· empleado en

cualquier momento y sin justa causa, *si el contrato de servicios es uno por tiempo indeterminado.* Así lo dispone expresamente la legislación vigente: "Si en un contrato de trabajo se estipulare que el obrero o empleado autoriza al patrono a despedirle en cualquier momento sin previo aviso y sin causa justificada, y que dicho obrero o empleado conviene en renunciar a cualquier derecho, beneficio, y/o compensación adicional que pueda corresponderle de acuerdo con las leyes de Puerto Rico por razón de tal cesantía, será nulo tal contrato en cuanto a esta estipulación." Sec. 2 de la Ley núm. 17 de abril 5, 1937 (Leyes, pág. 146) 29 L.P.R.A. sec. 181.

Por otro lado, incumbe al tribunal de instancia determinar, después de tomar en consideración los hechos y circunstancias especiales de cada caso, si hubo o no causa justa para el despido. Creemos que en el caso de autos no hay base para alterar la conclusión de que el patrono prescindió de los servicios del demandante-apelado sin razón o motivo justificado. No se demostró ni deslealtad ni desobediencia a las reglas y órdenes del patrono ni falta de honradez, ineficiencia o negligencia por parte del empleado. Cf. *Mercedes Bus Line* v. *Tribunal de Distrito,* 70 D.P.R. 690 (1949); *Blanes* v. *Tribunal de Distrito,* 69 D.P.R. 113 (1948). El mero hecho de hacer una copia de la llave de la oficina, en las circunstancias antes apuntadas, no constituye justa causa para un despido. Ese acto del empleado no fué en beneficio propio, sino para el rápido y mejor cumplimiento de la labor que le había sido encomendada. Nunca se le había prohibido hacer copia de la llave de la oficina, aún cuando tampoco se le había autorizado. El empleado la devolvió tan pronto se le requirió y el patrono no sufrió perjuicio de clase alguna. A lo sumo, la conducta del empleado hubiese podido ser motivo de amonestación, pero no justifica el despido.

Creemos que en Puerto Rico, bajo las disposiciones sobre mesada que contiene el citado art. 1 de la Ley núm. 50 de 20 de abril de 1949 (29 L.P.R.A. sec. 183), la mera falta de confianza del patrono en un empleado no justifica el despido.

Por tanto, revocamos ahora el *dictum* que aparece en *Mercedes Bus Line* v. *Tribunal de Distrito*, supra, a la pág. 695, al efecto de que: *"la falta de confianza en (el empleado) . . . es (motivo justificado para el despido)"*. Ese *dictum* se basa en el criterio que prevalecía en España, según Manresa, *por disposición expresa del art. 21 del Código de Trabajo Español.* Véase 10 Manresa, Comentarios al Código Civil Español, 4a. ed., 668; *P. R. Cap and Tires Sales* v. *Tribunal de Distrito*, 68 D.P.R. 398, 402 (1948). En Puerto Rico no existe semejante disposición de ley. Además, si la mera falta de confianza del patrono en el empleado constituyera causa justificada para el despido, prácticamente sería ilusoria la protección que concede la disposición legal sobre mesada. Cf. 31 L.P.R.A. sec. 3373 (art. 1208 del Código Civil). Por supuesto, el empleado puede faltar a sus deberes violando reglas y órdenes del patrono, demostrando negligencia, ineptitud o ineficiencia en su trabajo o incurriendo en fraude, deslealtad grave o en faltas de honradez, etc., y esos hechos objetivos podrían despertar en la mente del patrono una "falta de confianza". Pero en tal caso, si considerando todas las circunstancias hay causa justa para el despido, no se trata entonces del mero sentimiento subjetivo del patrono. Además, no estamos considerando aquí el contrato especialísimo de mandato general, según lo define nuestro Código Civil. Véanse arts. 1600–1608, 31 L.P.R.A. secs. 4421–4429.

Según el texto primitivo del Código de Trabajo Español de 1926, a que alude Manresa: "Se estimarán justas causas a favor del patrono para poder dar por terminado el contrato antes del plazo del vencimiento las siguientes: 1. La falta repetida a las condiciones propias del contrato. 2. *La falta de confianza debida en las gestiones o en la clase de trabajo a que se dedique el obrero.* 3. Los malos tratamientos o la falta grave al respeto y consideración por parte del obrero al patrono, su familia o su representante y a los compañeros de trabajo." (Art. 21) (Bastardillas nuestras.) Véase Código del Trabajo (2a ed., Reus, 1949), pág. 19. Sin embargo,

desde 1931 se eliminó en España el apartado segundo antes transcrito. Ibid., apéndice II, pág. 272. Es decir, desde esa fecha y hasta el presente, la falta de confianza del patrono en las gestiones o en el trabajo a que se dedique el obrero no justifica el despido según la legislación española. La noción de "justa causa para el despido" está hoy día definida en el art. 77 de la Ley española del Contrato de Trabajo. Dice así: "Se estimarán causas justas de despido del trabajador . . .: (a) Las faltas repetidas e injustificadas de puntualidad o de asistencia al trabajo; (b) La indisciplina o desobediencia a los Reglamentos de trabajo dictados con arreglo a las Leyes; (c) Los malos tratamientos de palabra u obra o falta grave de respeto y consideración al Empresario, a las personas de su familia que vivan con él, a sus representantes o a los jefes o compañeros de trabajo; (d) La ineptitud del trabajador respecto a la ocupación o trabajo para que fué contratado; (e) El fraude, la deslealtad o el abuso de confianza en las gestiones confiadas; (f) La disminución voluntaria y continuada del rendimiento normal del trabajo; (g) Hacer negociaciones de comercio o de industria por cuenta propia o de otra persona sin autorización del Empresario; (h) La embriaguez, cuando sea habitual; (i) La falta de aseo, siempre que sobre ello se hubiese llamado repetidamente la atención al trabajador y sea de tal índole que produzca queja justificada de los compañeros que realicen su trabajo en el mismo local que aquél; (j) Cuando el trabajador origine frecuentemente riñas o pendencias injustificadas con sus compañeros de trabajo." Véase Medina y Marañón, Leyes Sociales de España (1951) 82–97. Nótese que a través de las Reglamentaciones Nacionales de Trabajo, a que hace alusión el inciso b, se pueden ampliar a gusto los motivos de ruptura del contrato de trabajo. Por eso las causas enumeradas en el citado art. 77 sólo son taxativas en teoría. Sin embargo, la noción de causa justa para el despido bajo la ley española ha tenido una honda elaboración jurisprudencial y doctrinal que generalmente es muy favorable al obrero. Véase Carro Igelmo,

El Despido Justo—Doctrina, Legislación, Jurisprudencia— (1957). La legislación española sobre contrato de trabajo ha sido tomada en gran parte del derecho francés que constituye un modelo sobre legislación social para los demás países europeos. Véanse Dalloz, *Code du Travail* (24a. ed. 1949) ; Durand y Vitu, *Traité du Droit du Travail* (1947–1956) ; Waline y otros, *Legislation Sociale Appliquée* (1943). En Puerto Rico, nuestra ley sólo contiene la noción elástica e indeterminada de "justa causa", sin enumeración de los supuestos que dan lugar al despido justo. Este enfoque del problema es más apropiado a las ideas básicas de la libertad sindical, de la libre negociación colectiva entre patronos y uniones, y del papel que en nuestra sociedad juegan las uniones obreras. Cf. Laski, *Trade Unions in the New Society* (1950). Es en los convenios colectivos donde a menudo se concretan las causas justas de despido de los trabajadores. Casi siempre, en la práctica, los sindicatos y los patronos prefieren mantener una noción indeterminada y flexible de "justa causa" para el despido y someter a arbitraje cada caso específico en que haya discrepancia. Naturalmente, en dichos convenios colectivos de trabajo, la ausencia de causa justa da derecho a la reposición y al pago de los salarios dejados de devengar, y no se trata pues de una simple cuestión de mesada, como sucede al amparo de la Ley núm. 50 de 20 de abril de 1949 (29 L.P.R.A. sec. 183).

■ El segundo apuntamiento de error se refiere a la concesión de la penalidad adicional que fijó el tribunal sentenciador. El demandante-apelado se allana a este señalamiento. En efecto, no hay disposición de ley alguna que permita la imposición de una penalidad en adición al pago de la mesada en las circunstancias del caso de autos.

■■ En el tercer señalamiento se impugna la concesión de la suma de $350 como honorarios de abogado del demandante. El tribunal sentenciador siempre tiene amplia discreción para determinar si la parte perdidosa fué temeraria y también para fijar la cuantía de los honorarios de acuerdo con

544

el grado de temeridad y el valor de los servicios del abogado. Nada en este caso demuestra un abuso de dicha discreción. En consecuencia, este error está desprovisto de méritos. Véanse *Géigel* v. *Ramos*, 79 D.P.R. 862 (1957); *Ochoa* v. *Cía Ron Carioca*, 79 D.P.R. 861 (1957); *Martín* v. *Torres*, 79 D.P.R. 391 (1956); *Torres* v. *Biaggi*, 72 D.P.R. 869, 877 (1951) y los casos allí citados.

*Debe modificarse la sentencia apelada para eliminar la penalidad de $400 impuesta por el tribunal sentenciador y así modificada se confirma dicha sentencia.*