OSVALDO MORALES, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. PABLO J. SANTIAGO LAVANDERO, JUEZ, recurrido; PAN AMERICAN PLASTICS, INC., interventora.

*Número:* 2400 *Resuelto:* 12 de diciembre de 1961.

*Domingo Candelario, Manuel Janer Mendía,* abogado del peticionario y del Departamento de Trabajo; *Fiddler, González, Faure & Guillermard* (*R. Negrón & Rodríguez, Richard González,* en el alegato) abogados de la interventora.

Sala integrada por el Juez Presidente Señor Negrón Fernández como Presidente de Sala, y los Jueces Asociados Señores Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Osvaldo Morales prestó servicios a la corporación Pan American Plastics, Inc., cuyas actividades están cubiertas por la Ley Federal de Normas Razonables del Trabajo, por el período comprendido entre el 1 de noviembre de 1951 hasta el 15 de enero de 1953, devengando un salario mensual de $175.00 hasta junio 30 de 1962 y de $200 desde dicha fecha hasta la terminación de su empleo. El contrato de trabajo disponía específicamente que el salario mencionado cubría únicamente una jornada de cuarenta horas semanales, y que cualquier hora adicional, se le compensaría a tipo doble. El querellante reclamó el pago de dieciséis horas extras trabajadas semanalmente, ya que prestó servicios ocho horas diarias durante los siete días de la semana.

En apelación el Tribunal Superior dictó sentencia a favor del querellante, concediéndole la suma de $1,280.00 que representa el importe de las horas adicionales trabajadas a tipo doble, según convenido en el contrato de empleo. No obstante, como concluyó que el reclamante era un ejecutivo, eliminó la suma adicional que en concepto de penalidad había incluido el Tribunal de Distrito en la sentencia que había dictado.

A petición del demandante, expedimos auto de certiorari para revisar la sentencia dictada en apelación por el Tribunal Superior en esta acción sobre reclamación de salarios procedente del Tribunal de Distrito. *Sierra* v. *Pedro A. Pizá, Inc.,* 82 D.P.R. 303 (1961); *Hull Dobbs Company of*

*Puerto Rico* v. *Tribunal Superior*, 82 D.P.R. 77 (1961);
*Borinquen Furniture* v. *Tribunal de Distrito*, 78 D.P.R. 901
(1956). La única cuestión planteada se refiere a la impugnación de la determinación del tribunal a quo al efecto de que el querellante era un ejecutivo.

■ Según indicamos en *Piñán* v. *Mayagüez Sugar Co.*, 83 D.P.R. 314 (1961)—a partir del 15 de enero de 1952 la determinación de si el querellante era o no un ejecutivo depende de la concurrencia de los requisitos enumerados en el reglamento aprobado por el Secretario de Trabajo y promulgado en 26 de diciembre de 1951 para definir dicho término a los fines de la exclusión que establece el artículo 19 de la Ley Núm. 379 de 15 de mayo de 1948, pág. 1255 (29 L.P.R.A. sec. 288),[1] que lee así:

"(a) Cualquier empleado (1) cuyo deber primordial consista en la dirección de la empresa en que trabaja o en la dirección de un habitualmente reconocido departamento o subdivisión de la empresa; y

"(2) que habitual y regularmente dirija el trabajo de otros dos o más empleados de la empresa o del tal departamento o subdivisión de la empresa; y

---

[1] Aunque en el Artículo V se hace referencia a "derogación", este reglamento fue revisado mediante un reglamento promulgado en 17 de diciembre de 1959, con vigencia en 15 de enero de 1960. Las modificaciones principales consistieron en: (a) excluir de la definición de ejecutivo a aquellos empleados cuyos servicios estén cubiertos por la Ley Federal de Normas Razonables del Trabajo de 1938, que se regirán durante el período de tiempo en que esto ocurra, por las disposiciones del Reglamento Federal de 18 de noviembre de 1958, 29 C.F.R. Sec. 541.1, Supl. 1961, pág. 315; y (b) en cuanto al requisito sobre compensación del inciso (6) del apartado (A) disponer "que reciba por sus servicios una compensación fija (por día, semana, quincena o períodos mayores) equivalente al sueldo semanal que resulte multiplicado por sesenta (60) el tipo mínimo por hora más alto que le sea aplicable por ley del Estado Libre Asociado de Puerto Rico o por decreto mandatorio de la Junta de Salario Mínimo de Puerto Rico a las actividades en conexión con las cuales ejerce sus funciones de ejecutivo, excluyendo alimentos, vivienda y otros servicios; *disponiéndose,* sin embargo, que el salario semanal nunca deberá ser menor de treinta y cinco dólares ($35.00) cuando dicha compensación computada en la forma ya expresada resultare menor de esta suma."

"(3) que tenga la autoridad de emplear y despedir otros empleados o cuyas sugestiones y recomendaciones sobre el empleo y despido de otros empleados y en cuanto al mejoramiento y ascenso o en relación con cualquier otro cambio de status de otros empleados hayan de recibir especial atención; y

"(4) que habitual y regularmente ejerza facultades discrecionales; y

"(5) que no dedique más del 20% de las horas trabajadas en la semana de labor a actividades que no estén directa e íntimamente relacionadas con el desempeño del trabajo descrito en el párrafo (a), inciso (1) al (4) de este artículo; Disponiéndose que este inciso (5) no será aplicable en el caso de un empleado que esté él solo a cargo de un establecimiento independiente o de una rama del establecimiento físicamente separado del mismo, o que sea dueño de por lo menos 20% del interés de la empresa en que esté empleado; y

"(6) que reciba por sus servicios una compensación fija (por día, semana, quincena o períodos mayores) equivalente a un salario semanal no menor de $30.00, excluyendo alimentos, vivienda u otros servicios; o

"(b) Cualquier empleado (1) cuyo trabajo cumpla con los requisitos dispuestos en el párrafo (a), incisos (1) y (2) de este artículo; y

"(2) que reciba por sus servicios una compensación fija (por día, semana, quincena o períodos mayores) equivalente a un salario semanal no menor de $100, excluyendo alimentos, vivienda y otros servicios."

Para el período anterior al 15 de enero de 1952 cubierto por la querella, en ausencia de una manifestación administrativa sobre el particular, consideraremos todos los hechos relevantes sobre la naturaleza y funciones del empleo. Es preciso, pues, hacer referencia a las determinaciones de hecho sobre estos particulares.

Existe un marcado conflicto entre las conclusiones de hecho del Tribunal de Distrito y las formuladas por el Tribunal Superior en apelación. El Tribunal de Distrito determinó que el peticionario era un capataz o "foreman"; que "a cada capataz se le asignaba la supervisión de un grupo pequeño de 8 ó 9 obreros, la atención de la maquinaria a su

cargo, inclusive el efectuar reparaciones menores en la misma y el manejo de ciertos mecanismos de control en dicha maquinaria"; que "el querellante carecía de facultad para emplear o despedir obreros y entre sus funciones no se encontraba la de sugerir o recomendar el empleo o despido de otros empleados o en cuanto al mejoramiento, ascenso o cambio de status de éstos"; que "el querellante, además de no tener las referidas facultades en razón del cargo de su empleo, como cuestión de hecho tampoco en ningún momento ejerció una autoridad similar a la antes expresada ni se le tomó tampoco en consideración sugestión o recomendación alguna relativa al empleo, mejoramiento, ascenso o cambio de status de ningún empleado"; y que "el querellante no ejercía en forma habitual y regular facultades discrecionales en su trabajo". (²)

En las determinaciones de hecho del Tribunal Superior se dijo que "el querellante fue empleado como capataz o 'foreman' en la fábrica de la querellada, y entre sus deberes en la misma, se encontraba la de observar y dirigir a los

(²) El Tribunal de Distrito concluyó además que el querellante repartía su tiempo más o menos por igual entre la supervisión del grupo de 8 ó 9 obreros, la atención de la maquinaria y la realización de reparaciones menores en las mismas; que "aunque la labor de supervisión del capataz estaba limitada al pequeño grupo que le era asignado, la labor de los obreros en la fábrica no se segmentaba sino que todos realizaban una labor similar en forma integrada, aunque a los fines de facilitar y hacer más efectiva la labor de los capataces que trabajaban en la fábrica, a cada uno se le asignaba de entre el grupo general de obreros, los que él debía supervisar en cada turno, ya que había más de un turno de trabajo al día y los obreros y capataces se rotaban"; que "estos grupos de obreros que se ponían bajo la supervisión de cada capataz carecían de independencia funcional y en forma alguna funcionaba como células o unidades que justificase el catalogarlos como subdivisiones o departamentos de la empresa".

Hemos examinado detenidamente la relación del caso preparada por el Juez de Distrito a los fines de la apelación entablada, y considerada en la forma más favorable para el querellante, las determinaciones anteriores no tienen base alguna en la prueba. El testimonio del propio querellante, única prueba que ofreció para sostener su reclamación, fue resumido como sigue:

"1. *Osvaldo Rivera Morales*—Es el querellante en este caso. Comenzó a trabajar en la compañía demandada por instrucciones del señor McLaughlin. Que este señor le dijo que comenzara trabajando ganando

empleados en el departamento de producción de la misma que trabajaban bajo su inmediato control durante su período de labor, de velar porque todo marchase bien y que las maquinarias funcionaran como era debido; sus recomendaciones sobre empleados subalternos recibían consideración y ejercía en general otros deberes indicativos de que era un ejecutivo en la aserción común y corriente de dicha palabra".

 Resulta claro que respecto a la facultad del querellante para hacer recomendaciones sobre el nombramiento, ascenso y despido de empleados y el efecto y consideración que estas recomendaciones recibían por parte de la empresa es uno de los hechos sobre los cuales se presentó prueba contradictoria ante el Tribunal de Distrito, pues mientras el querellante declaró que no tenía tal facultad, la prueba de la querellada tendió a establecer que sus recomendaciones recibían gran peso y crédito. El conflicto sobre la prueba oral fue dirimido en favor de la parte querellante por el Tribunal de Distrito, que oyó y vio declarar a los testigos y observó su con-

---

$175.00 mensuales a razón de 8 horas diarias o sea 40 horas a la semana. Dice que el señor McLaughlin era el manager de la planta o sea el gerente general de la corporación demandada. Dice que le dijo que después que comenzara la planta a producir le pagaría las horas extras. Dice que nunca le pagó las horas extras, digo la suma que le ofreció pagarle. Dice que desde noviembre del 1951 hasta junio de 1952 ganó $175.00 mensuales. Que ya en julio ganó $200.00. Que sus funciones eran velar por las máquinas de producción y si había alguna rotura tenía que arreglarlas y si el daño era grave tenía que llamar al encargado de las máquinas. Tenía 8 obreros que supervisar. Que esos obreros se dedicaban a bregar con las prensas. Dice que él estaba pendiente de lo que hacían los obreros. Dice que los obreros los escogía McLaughlin, y Harman. Que ellos los despedían y él no tenía ninguna inferencia [sic] en el despido ni en el nombramiento de ellos. Pero que él supervisaba la labor de los obreros. Dice que cada trabajador sabía qué máquina tenía que laborar y operar. Dice que él nunca cambió una máquina. También declara que él nunca cambió a un obrero de una máquina a otra. Dice que si se enfermaba un obrero el señor Harman mandaba a otro que lo substituyese. Dice que si se enfermaba un obrero durante las horas de la noche se paraba la prensa."

Como podrá observarse, ni aún haciendo un gran esfuerzo de imaginación, las determinaciones anteriores pueden sostenerse a base de este testimonio. Los otros testigos que declararon fueron testigos de la parte querellada, que tampoco depusieron sobre los extremos apuntados.

130

ducta mientras prestaban testimonio. A menos que se tratara de un error manifiesto, el Tribunal Superior en apelación no podía descartar arbitrariamente estas determinaciones de hechos, ni ignorar tampoco las otras derivadas de la apreciación de la prueba que hizo el Tribunal de Distrito. En la consideración en apelación de las sentencias dictadas por el Tribunal de Distrito, el Tribunal Superior está sujeto por las mismas limitaciones que tradicionalmente se ha impuesto este Tribunal respecto a la apreciación de *prueba oral* que hace el tribunal recurrido. Su función primordial es determinar si las determinaciones tienen apoyo suficiente en la prueba presentada y si representan el balance más racional de la misma, y en ausencia de pasión, prejuicio o parcialidad, o manifiesto error (véase, *Sanabria* v. *Sucn. González*, 82 D.P.R. 885, 997 (1961)) deben ser aceptadas. [3] Regla 43.1 de las de Procedimiento Civil de 1958; *De la Fuente* v. *A. Roig Sucrs.*, 82 D.P.R. 515 (1961); *Ramírez* v. *Ramírez*, 80 D.P.R. 518 (1958); *Freytes* v. *Municipio*, 80 D.P.R. 521 (1958); *Géigel* v. *Ramos*, 79 D.P.R. 862 (1957); *Luperena* v. *Autoridad de Transporte*, 79 D.P.R. 464 (1956). Por tanto, a los fines de resolver la cuestión planteada en el presente recurso tomaremos en consideración aquellas conclusiones de hecho del Tribunal de Distrito que están sostenidas por la prueba, según aparece ésta de la relación del caso, y que transcribimos previamente en esta opinión.

Consideradas estas determinaciones, no es posible sostener que Morales era un empleado ejecutivo. Sus fun-

---

[3] Esta norma no rige cuando las determinaciones de hecho se fundan en prueba documental: en general, *Wolff* v. *Hernández*, 76 D.P.R. 650 (1954); deposiciones o informes escritos, *Castro* v. *Meléndez*, 82 D.P.R. 573 (1961); estipulación escrita sobre los hechos, *Cruz* v. *Autoridad de Fuentes Fluviales*, 76 D.P.R. 312 (1954); *Luce & Co.* v. *Cianchini*, 76 D.P.R. 165 (1954); transcripción de la evidencia, *Rivera* v. *Great Am. Indemnity Co.*, 73 D.P.R. 232 (1952). Véanse además, *Feliciano* v. *Sundem*, 78 D.P.R. 1 (1955); *Nogueras* v. *Muñoz*, 67 D.P.R. 441 (1947); *International General Electric* v. *Colón* 62 D.P.R. 574 (1943).

ciones no requerían prácticamente el ejercicio de discreción alguna; personalmente no empleaba ni despedía obreros; su labor principal consistía en asegurarse que los ocho obreros a su cargo realizaran el trabajo que se les encomendaba; sus sugestiones sobre ascenso o cambio de empleados no se tomaban en consideración. Siendo ello así, e independientemente de la validez del reglamento mencionado y, por ende, de la aplicación de los requisitos dispuestos en el mismo, resolvemos que no se trataba de un ejecutivo. Véanse, *Piñán* v. *Mayagüez Sugar Co.*, supra; *Sierra* v. *Mario Mercado e Hijos*, 81 D.P.R. 314 (1959). Esto nos releva de considerar la corrección de la determinación de derecho sobre la nulidad de dicho reglamento por no tener el Secretario de Trabajo facultad expresa para ello, según sostuvo el tribunal a quo. Véase, *Sierra* v. *Mario Mercado e Hijos*, 81 D.P.R. 314, 322, 324 (1959). Tratándose de un empleado que no era un ejecutivo, erró el tribunal de instancia al eliminar la suma adicional que en concepto de penalidad había concedido el Tribunal de Distrito. *Berríos* v. *Eastern Sugar Associates*, 79 D.P.R. 688 (1956); *Encarnación* v. *Jordán*, 78 D.P.R. 505 (1955); *Acosta* v. *Floor Coverings Co.*, 78 D.P.R. 490 (1955). [4]

*Se modifica la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 27 de septiembre de 1957, en el sentido de incluir un pronunciamiento ordenando a la querellada a satisfacer al querellante una suma adicional de $1,280.00 en concepto de compensación adicional o penalidad, y así modificada, se confirmará.*

[4] Desde la aprobación de la Ley Núm. 96 de 26 de junio de 1956 (Leyes, pág. 623), la imposición de la penalidad es mandatoria en toda reclamación formulada por un obrero o empleado fundada en que recibió una compensación inferior a la prescrita (a) en la Ley de Salario Mínimo; (b) en virtud de un decreto mandatorio, orden o reglamento de dicha Junta; (c) en un convenio colectivo; o (d) en un contrato individual de trabajo. Véase la sección 30 de la ley citada, 29 L.P.R.A. sec. 246b(a).