FRANCISCO QUIÑONES RODRÍGUEZ, demandante y recurrido, *v.* EFRAÍN RIVE GÓMEZ y UNITED STATES CASUALTY COMPANY, demandado y recurrente.

*Número:* R-67-4     *Resuelto:* 18 de enero de 1968

*Emilio de Aldrey,* abogado de los recurrentes; *Emilio Rodríguez Colón,* abogado del recurrido.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

PER CURIAM: El presente caso se trata de una acción en daños y perjuicios entablada como consecuencia de un accidente ocurrido el 10 de mayo de 1965 a las 10:45 A.M. frente a los garages de la Autoridad Metropolitana de Autobuses en Hato Rey. Ese día el demandante, chofer de la Autoridad se dirigía desde los garages de dicha empresa hacia el terminal de las guaguas en Río Piedras. Cruzó la Avenida Muñoz Rivera y llegó hasta la isleta que divide los carriles que van de San Juan hacia Río Piedras de los carriles que van de Río Piedras hacia San Juan. Allí cruzó por un hueco que había en la verja de alambre eslabonado, cuyo hueco había sido hecho especialmente por los choferes de la Autoridad, a fin de cruzar por él y atrechar camino. Cuando el

demandante empezó a cruzar fue arrollado por el automóvil conducido por el codemandado Rive Gómez.

Celebrado el juicio correspondiente se dictó sentencia fijando los daños en la suma de $11,000, pero aplicando la ley de negligencia comparada, el tribunal de instancia determinó que el demandante incurrió en negligencia en un 40% y condenó a los demandados a pagar al demandante la suma de $6,600.00 más las costas.

En este recurso los demandados señalan la comisión de los siguientes errores:

1. "Erró el Tribunal Inferior al condenar a los demandados a pagar al demandante una indemnización, cuando de la prueba ofrecida y de las propias conclusiones del Juez Sentenciador, surge que el único responsable del accidente lo fue el propio demandante."

2. "Erró el Tribunal Inferior al determinar aplicando la ley de negligencia comparada que el conductor del vehículo fue negligente en un 60% cuando la prueba y las propias conclusiones de hecho demuestran que no hubo negligencia alguna de parte de éste que diera motivo al accidente o que contribuyera al mismo."

Toda vez que los errores apuntados giran en parte en torno a las Determinaciones del juez sentenciador señalaremos aquella parte de las mismas sobre la negligencia imputada a las partes:

"10. El accidente se debió a la negligencia combinada del demandante y del conductor del automóvil perteneciente al codemandado Rive Gómez. El demandante fue negligente e imprudente al lanzarse a cruzar la carretera habiendo visto el auto que lo arrolló antes de abandonar el sitio donde se encontraba. Fue igualmente negligente al cruzar una carretera de mucho tránsito por un sitio donde no había paso de peatones y más aún por el hueco existente en la verja de alambre eslabonado.

11. El conductor del auto fue negligente al conducir su auto a una velocidad que no le permitió ejercer el debido dominio del vehículo y parar para evitar el accidente. El conductor no dio aviso con la bocina del auto. Siendo la carretera recta y sin

obstáculos debió haber visto el demandante cuando éste intentó cruzar la avenida, de haber estado atento y cumplir con su deber de vigilar hacia el frente mientras conducía su automóvil."

Examinadas las conclusiones de hecho y derecho entendemos que las mismas no son claramente erróneas ni demuestran que hubiese clara arbitrariedad, prejuicio o parcialidad. Por lo tanto no debemos alterarlas en revisión. *Morales* v. *Tribunal Superior*, 84 D.P.R. 123 (1961) ; *Srio. del Trabajo* v. *Vélez*, 86 D.P.R. 585 (1962) y casos allí citados.

Los recurrentes no pusieron a este Tribunal en condiciones de examinar la prueba ofrecida ante el tribunal de instancia toda vez que no se elevó la transcripción de evidencia.

*Se confirmará la sentencia dictada por el Tribunal Superior.*