**Eric APONTE, et al., Plaintiff,**

v.

**PUERTO RICO MARINE MANAGEMENT, INC., Defendant.**

**Civ. No. 91–2222 (JP).**

United States District Court, D. Puerto Rico.

July 20, 1992.

Harry Anduze Montano, Hato Rey, P.R., for plaintiff.

Rafael Cuevas Kuinlam, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

■ The Court has before it defendant's unopposed Motion for Summary Judgment and/or to Dismiss for Lack of Jurisdiction.[1] For the reasons set forth below, defendant's motion is hereby GRANTED.

### I. Background

This is a case for damages as a result of an alleged wrongful termination of employment, an alleged libelous and defamatory campaign against plaintiff, and for costs and attorney's fees. Jurisdiction is invoked pursuant to 28 U.S.C. § 1332 on grounds that all the parties on either side of the litigation are of diverse citizenship and because the amount in controversy, exclusive of interest costs, exceeds $50,000.00.

Plaintiff Eric Aponte was employed by defendant Puerto Rico Marine Management, Inc. ("PRMMI") from January 18, 1985, until October 31, 1990, when he was discharged. Upon his discharge, plaintiff occupied the position of the General Manager of Operations for the San Juan Office of PRMMI, for which he received $65,000.00 per year, working under a contract without a fixed time. Plaintiff alleges that his discharge was without just cause and that he was not paid the additional salaries mandated as indemnity by Puerto Rico Law No. 80 of May 30, 1976, as amended, 29 L.P.R.A. § 185a *et seq.* Plaintiff's complaint requests damages for loss of salary

---

1. In his Motion in Compliance of Order, dated June 10, 1992, plaintiff states that he failed to file a memorandum in support of his opposition to defendant's motion for summary judgment because "the merits of defendant's contentions were extensively argued by the parties at the Initial Scheduling Conference." This assertion is baseless. The merits of defendant's contentions were discussed during the Initial Scheduling Conference but not in great detail, as is reflected in the ISC Order, which mentions only the opposition, not its merits. Furthermore, even if the merits of plaintiff's opposition had been discussed in complete detail during the ISC, a diligent attorney cannot rely on matters which are not in the record of a case to support his allegations.

Therefore, the Court deems plaintiff's response to the Court's Order dated May 29, 1992, insufficient. As a result, as plaintiff was advised in the Court's May 29 Order, the Court treats defendant's motion for summary judgment as unopposed.

up to plaintiff's age of retirement, loss of social security contributions, loss of life, disability and medical insurance benefits, and loss of future pension benefits. Plaintiff has estimated damages of One Million Eight Hundred Ninety Five Thousand Dollars $1,895,000.00. In addition, plaintiff alleges that PRMMI intentionally and maliciously misinformed the press about the events related to an investigation which led to his firing, suggesting that plaintiff was responsible for the events that caused his discharge.

## II. Discussion

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Brennan v. Hendrigan*, 888 F.2d 189, 191 (1st Cir.1989); *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 894 (1st Cir.1988).

Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. *Kennedy v. Josephthal & Co.*, 814 F.2d 798, 804 (1st Cir.1987); *Peckham v. Ronrico Corp.*, 171 F.2d 653 (1st Cir.1948). A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989); *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A "material" fact, which is defined by the substantive law, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. *Mack, supra*, at 181.

Essentially, Rule 56(c) mandates that summary judgment be entered against a party who fails to establish the existence of an element essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324,

106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Therefore, the burden is first on the movant to show "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. at 2554. Thereafter, the burden shifts to the non-movant to provide the court, through the filing of supporting affidavits or otherwise, with "some indication that he can produce the quantum of evidence to enable him to reach the jury with his claim." *Hahn v. Sargent*, 523 F.2d 461, 468 (1st Cir.1975); *see also Brennan, supra*, at 191. The non-movant cannot rest upon mere allegations or denial of the pleadings. Fed.R.Civ.P. 56(e). The non-movant must instead affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." *First National Bank v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968).

Puerto Rico Law No. 80 of 1976 is the latest of a series of legislation that protects employees in Puerto Rico from unjust dismissal. It establishes as the exclusive remedy for employees contracted without a fixed time and discharged without just cause:

1. damages equal to one month of salary, plus

2. damages equal to one week of pay for each complete year of employment.

The damages established in Law No. 80, are the exclusive damages to which an unjustly discharged employee is entitled; therefore, as a matter of law, plaintiff is not entitled to the additional damages requested in his complaint. *Accord Long v. Tribunal*, 72 D.P.R. 788 (1951); *Cassasus v. Escambrón*, 86 D.P.R. 375 (1962); *Wolf v. Neckware*, 80 D.P.R. 537 (1958); *Schneider v. Tropical Gas*, 95 D.P.R. 626 (1958); *Rivera v. Security Nat. Life Ins. Co.*, 106 D.P.R. 517 (1977); *Secretario del Trabajo v. ITT*, 108 D.P.R. 536 (1979).

This Court has expressed a similar opinion in *Roig v. Iberia Lineas*, 688 F.Supp. 810 (D.P.R.1988) (citation omitted):

The relief available under Law 80 is limited to severance pay and a former employee is not entitled to reinstatement. The statute does not allow for any other civil liability on account of a dismissal without just cause.

■ The alleged acts on which plaintiff bases his cause of action for libel and defamation arise out of the discharge process and the reasons given for the discharge; therefore, they are not independent and/or distinct to the act of termination. Law No. 80 does not allow for any other civil liability, other than the exclusive remedy it establishes.

■ Plaintiff's complaint states that plaintiff was hired without a fixed time, and that he was discharged without just cause. It requests payment of the benefits under Law No. 80. The Complaint states in paragraphs 4.1 and 5.2 sufficient facts for this court to determine that the amount in controversy does not exceed $50,000.00. Paragraphs 4.1 and 5.2 state that plaintiff was employed from January 18, 1985, until October 31, 1990. Paragraph 5.2 states that he earned an annual salary of $65,000.00. If plaintiff would prevail on the merits and it is shown that he was discharged without just cause he would only be entitled to the remedies established in Law No. 80, that is, one month salary and one week for every complete year of service. Therefore, he would be entitled to only $11,910.00. Since this amount would not exceed that amount in controversy requirement, the Court must dismiss the Complaint.

WHEREFORE, in view of the foregoing, the Motion for Summary Judgment and/or to Dismiss for Lack of Jurisdiction is hereby GRANTED. Judgment shall be entered accordingly.

IT IS SO ORDERED.